**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| WI-LAN INC., § § Plaintiff, § § v. § § ALCATEL-LUCENT USA INC.; § TELEFONAKTIEBOLAGET LM § ERICSSON; ERICSSON INC.; SONY § ERICSSON MOBILE COMMUNICATIONS § AB; SONY ERICSSON MOBILE § COMMUNICATIONS (USA) INC.; HTC § CORPORATION; HTC AMERICA, INC.; § EXEDEA INC.; LG ELECTRONICS, INC.; § LG ELECTRONICS MOBILECOMM U.S.A., § INC.; LG ELECTRONICS U.S.A., INC. § § § § Defendant. § § | Civil Action No. 6:10-cv-521 JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff Wi-LAN Inc. ("Wi-LAN") files this Original Complaint for patent infringement against Defendants Alcatel-Lucent USA Inc., Telefonaktiebolaget LM Ericsson, Ericsson Inc., Sony Ericsson Mobile Communications AB, Sony Ericsson Mobile Communications (USA) Inc., HTC Corporation, HTC America, Inc., Exedea Inc., LG Electronics, Inc., LG Electronics Mobilecomm U.S.A., Inc., and LG Electronics U.S.A., Inc. (individually and collectively, "Defendants") for infringement of one or more of U.S. Patent Nos. 6,088,326 (the "'326 Patent), 6,195,327 (the "'327 Patent"), 6,222,819 (the "'819 Patent"), and 6,381,211 (the "'211 Patent") (collectively, the "Patents-in-Suit") pursuant to 35 U.S.C. § 271.  Copies of the Patents-in-Suit are attached hereto as Exhibits A, B, C and D.

## PARTIES

1. Plaintiff Wi-LAN Inc., is a corporation organized and existing under the laws of Canada with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada.

2. Upon information and belief, Alcatel-Lucent USA Inc. ("Alcatel-Lucent") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 600-700 Mountain Avenue, Murray Hill, New Jersey 07974. Alcatel-Lucent manufactures for sale, sells, and/or offers for sale wireless communication products, including but not limited to products compliant with the 3GPP standard, in the United States and, more particularly, in the Eastern District of Texas.

3. Upon information and belief, Defendant Telefonaktiebolaget LM Ericsson is a corporation organized and existing under the laws of the country of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden. Upon information and belief, Defendant Ericsson Inc. is a subsidiary of Defendant Telefonaktiebolaget LM Ericsson and is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024. Defendant Telefonaktiebolaget LM Ericsson and Defendant Ericsson Inc. are individually and collectively referred to herein as "Ericsson." Ericsson manufactures for sale, sells, and/or offers for sale wireless communication products, including but not limited to products compliant with the 3GPP standard, in the United States and, more particularly, in the Eastern District of Texas.

4. Upon information and belief, Defendant Sony Ericsson Mobile Communications AB is a corporation organized and existing under the laws of the country of Sweden with its principal place of business at Nya Vattentornet, Lund, Sweden SE-221 88. Upon information and belief, Defendant Sony Ericsson Mobile Communications (USA) Inc. is a subsidiary of

Defendant Sony Ericsson Mobile Communications AB and is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 7001 Development Drive, Research Triangle Park, North Carolina 27709.  Defendant Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA) Inc. are individually and collectively referred to herein as "Sony Ericsson."  Sony Ericsson manufactures for sale, sells, and/or offers for sale wireless communication products, including but not limited to products compliant with the 3GPP standard, in the United States and, more particularly, in the Eastern District of Texas.

5. Upon information and belief, Defendant HTC Corporation (a/k/a High Tech Computer Corp.) is a corporation organized and existing under the laws of the country of Taiwan, R.O.C. with its principal place of business headquarters at 23 Xinghua Road, Taoyuan 330, Taiwan, R.O.C.  Upon information and belief, Defendant HTC America, Inc. is a subsidiary of Defendant HTC Corporation and is a corporation organized and existing under the laws of the state of Texas with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005.  Upon information and belief, Defendant Exedea Inc. is a subsidiary of Defendant HTC Corporation and is a corporation organized and existing under the laws of the state of Texas with its principal place of business at 5950 Corporate Drive, Houston, Texas 77036.  Defendants HTC Corporation, HTC America, Inc., and Exedea Inc. are individually and collectively referred to herein as "HTC."  HTC manufactures for sale, sells, and/or offers for sale wireless communication products, including but not limited to products compliant with the 3GPP standard, in the United States and, more particularly, in the Eastern District of Texas.

6. Upon information and belief, Defendant LG Electronics, Inc., is a company organized under the laws of the country of South Korea with its principal place of business at LG Twin Towers, 20 Yeouido-dong, Yeoungdeungpo-gu, Seoul, 150-7-21, South Korea. Upon information and belief, Defendant LG Electronics Mobilecomm U.S.A., Inc. is a subsidiary of Defendant LG Electronics, Inc. and is a company organized and existing under the laws of the state of California with its principal place of business at 10101 Old Grove Road, San Diego, California 92131. Upon information and belief, Defendant LG Electronics U.S.A., Inc. is a subsidiary of Defendant LG Electronics, Inc. and is a company organized and existing under the laws of the state of New Jersey with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. Defendants LG Electronics, Inc., LG Electronics Mobilecomm U.S.A., Inc., and LG Electronics U.S.A., Inc. are individually and collectively referred to herein as "LG." LG manufactures for sale, sells, and/or offers for sale wireless communication products, including but not limited to products compliant with the 3GPP standard, in the United States and, more particularly, in the Eastern District of Texas

## JURISDICTION AND VENUE

7. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

10. On July 11, 2000, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '326 Patent, entitled "Processing Data Transmitted and Received Over a Wireless Link Connecting a Central Terminal and a Subscriber Terminal of a Wireless

Telecommunications System" after a full and fair examination. Wi-LAN was assigned the '326 Patent and possesses all rights of recovery under the '326 Patent, including the right to recover damages for past infringement. A true and correct copy of the '326 Patent is attached hereto as Exhibit A.

11.  On February 27, 2001, the USPTO duly and legally issued the '327 Patent, entitled "Controlling Interference in a Cell of a Wireless Telecommunications System" after a full and fair examination. Wi-LAN was assigned the '327 Patent and possesses all rights of recovery under the '327 Patent, including the right to recover damages for past infringement. A true and correct copy of the '327 Patent is attached hereto as Exhibit B.

12.  On April 24, 2001, the USPTO duly and legally issued the '819 Patent, entitled "Processing Data Transmitted and Received Over a Wireless Link Connecting a Central Terminal and a Subscriber Terminal of a Wireless Telecommunications System" after a full and fair examination. Wi-LAN was assigned the '819 Patent and possesses all rights of recovery under the '819 Patent, including the right to recover damages for past infringement. A true and correct copy of the '819 Patent is attached hereto as Exhibit C.

13.  On April 30, 2002, the USPTO duly and legally issued the '211 Patent, entitled "Processing Data Transmitted and Received Over a Wireless Link Connecting a Central Terminal and a Subscriber Terminal of a Wireless Telecommunications System" after a full and fair examination. Wi-LAN was assigned the '211 Patent and possesses all rights of recovery under the '211 Patent, including the right to recover damages for past infringement. A true and correct copy of the '211 Patent is attached hereto as Exhibit D.

14.  Each of the Patents-in-Suit is valid and enforceable.

## COUNT I:  INFRINGEMENT OF THE '326 PATENT

15. Upon information and belief, Alcatel-Lucent makes, uses, offers for sale, imports, and/or sells products compliant with the 3GPP standard, including but not limited to 9311 Macro Node B, 9360 Small Cell, and 9926 Digital 2U Node B ("the accused Alcatel-Lucent products").

16. Upon information and belief, the accused Alcatel-Lucent products support at least releases 5, 6, and 7 of the 3GPP standard.

17. Upon information and belief, the accused Alcatel-Lucent products use orthogonal codes to transmit and/or receive a plurality of data items over a plurality of wireless links in a single frequency channel.

18. Upon information and belief, Alcatel-Lucent has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '326 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling, without authority from Wi-LAN, products compliant with the 3GPP standard, including but not limited to 9311 Macro Node B, 9360 Small Cell, and 9926 Digital 2U Node B, that fall within the scope of one or more of the claims of the '326 Patent.  Alcatel-Lucent contributes to and induces infringement through supplying the accused Alcatel-Lucent products to customers, and Alcatel-Lucent's customers who purchase the accused Alcatel-Lucent products and operate those products in accordance with Alcatel-Lucent's instructions directly infringe one or more claims of the '326 Patent.

19. Upon information and belief, Ericsson makes, uses, offers for sale, imports, and/or sells products compliant with the 3GPP standard, including but not limited to RBS-3000, RBS-6000, W30, and W35 ("the accused Ericsson products").

20. Upon information and belief, the accused Ericsson products support at least releases 5, 6, and 7 of the 3GPP standard.

21.     Upon information and belief, the accused Ericsson products use orthogonal codes to transmit and/or receive a plurality of data items over a plurality of wireless links in a single frequency channel.

22.     Upon information and belief, Ericsson has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '326 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling, without authority from Wi-LAN, products compliant with the 3GPP standard, including but not limited to RBS-3000, RBS-6000, W30, and W35, that fall within the scope of one or more of the claims of the '326 Patent.  Ericsson contributes to and induces infringement through supplying the accused Ericsson products to customers, and Ericsson's customers who purchase the accused Ericsson products and operate those products in accordance with Ericsson's instructions directly infringe one or more claims of the '326 Patent.

23.     Alcatel-Lucent and Ericsson, by way of their infringing activities, have caused and continue to cause Wi-LAN to suffer damages, and Wi-LAN is entitled to recover from Alcatel-Lucent and Ericsson damages in an amount to be determined at trial.

24.     Wi-LAN has no adequate remedy at law against the Alcatel-Lucent's and Ericsson's acts of infringement, and unless Alcatel-Lucent and Ericsson are enjoined from their infringement of the '326 Patent, Wi-LAN will suffer irreparable harm.

25.     Wi-LAN reserves the right to allege, after discovery, that infringement of the '326 Patent by one or more of these Defendants is willful and deliberate, entitling Wi-LAN to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II:  INFRINGEMENT OF THE '327 PATENT

26. Upon information and belief, Alcatel-Lucent has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '327 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling, without authority from Wi-LAN, products compliant with the 3GPP standard, including but not limited to 9311 Macro Node B, 9360 Small Cell, and 9926 Digital 2U Node B, that fall within the scope of one or more of the claims of the '327 Patent.  Alcatel-Lucent contributes to and induces infringement through supplying the accused Alcatel-Lucent products to customers, and Alcatel-Lucent's customers who purchase the accused Alcatel-Lucent products and operate those products in accordance with Alcatel-Lucent's instructions directly infringe one or more claims of the '327 Patent.

27. Upon information and belief, Ericsson has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '327 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling, without authority from Wi-LAN, products compliant with the 3GPP standard, including but not limited to RBS-3000, RBS-6000, W30, and W35, that fall within the scope of one or more of the claims of the '327 Patent.  Ericsson contributes to and induces infringement through supplying the accused Ericsson products to customers, and Ericsson's customers who purchase the accused Ericsson products and operate those products in accordance with Ericsson's instructions directly infringe one or more claims of the '327 Patent.

28. Alcatel-Lucent and Ericsson, by way of their infringing activities, have caused and continue to cause Wi-LAN to suffer damages, and Wi-LAN is entitled to recover from Alcatel-Lucent and Ericsson damages in an amount to be determined at trial.

29. Wi-LAN has no adequate remedy at law against the Alcatel-Lucent's and Ericsson's acts of infringement, and unless Alcatel-Lucent and Ericsson are enjoined from their infringement of the '327 Patent, Wi-LAN will suffer irreparable harm.

30. Wi-LAN reserves the right to allege, after discovery, that infringement of the '327 Patent by one or more of these Defendants is willful and deliberate, entitling Wi-LAN to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III: INFRINGEMENT OF THE '819 PATENT

31. Upon information and belief, Alcatel-Lucent makes, uses, offers for sale, imports, and/or sells products compliant with the 3GPP standard, including but not limited to 9311 Macro Node B, 9360 Small Cell, and 9926 Digital 2U Node B.

32. Upon information and belief, the accused Alcatel-Lucent products support at least releases 5, 6, and 7 of the 3GPP standard.

33. Upon information and belief, the accused Alcatel-Lucent products use orthogonal codes to transmit and/or receive a plurality of data items over a plurality of wireless links in a single frequency channel.

34. Upon information and belief, Alcatel-Lucent has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '819 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling, without authority from Wi-LAN, products compliant with the 3GPP standard, including but not limited to 9311 Macro Node B, 9360 Small Cell, and 9926 Digital 2U Node B, that fall within the scope of one or more of the claims of the '819 Patent. Alcatel-Lucent contributes to and induces infringement through supplying the accused Alcatel-Lucent products to customers, and Alcatel-Lucent's customers who purchase the

accused Alcatel-Lucent products and operate those products in accordance with Alcatel-Lucent's instructions directly infringe one or more claims of the '819 Patent.

35. Upon information and belief, Ericsson makes, uses, offers for sale, imports, and/or sells products compliant with the 3GPP standard, including but not limited to RBS-3000, RBS-6000, W30, and W35.

36. Upon information and belief, the accused Ericsson products support at least releases 5, 6, and 7 of the 3GPP standard.

37. Upon information and belief, the accused Ericsson products use orthogonal codes to transmit and/or receive a plurality of data items over a plurality of wireless links in a single frequency channel.

38. Upon information and belief, Ericsson has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '819 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling, without authority from Wi-LAN, products compliant with the 3GPP standard, including but not limited to RBS-3000, RBS-6000, W30, and W35, that fall within the scope of one or more of the claims of the '819 Patent. Ericsson contributes to and induces infringement through supplying the accused Ericsson products to customers, and Ericsson's customers who purchase the accused Ericsson products and operate those products in accordance with Ericsson's instructions directly infringe one or more claims of the '819 Patent.

39. Upon information and belief, Sony Ericsson makes, uses, offers for sale, imports, and/or sells products compliant with the 3GPP standard, including but not limited to Vivaz, Xperia X10, Equinox, W518a, Satio, Xperia X2a, Xperia Pureness, Aino, and Naite ("the accused Sony Ericsson products").

40. Upon information and belief, the accused Sony Ericsson products support at least releases 5, 6, and 7 of the 3GPP standard.

41. Upon information and belief, the accused Sony Ericsson products use orthogonal codes to transmit and/or receive a plurality of data items over a plurality of wireless links in a single frequency channel.

42. Upon information and belief, Sony Ericsson has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '819 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling, without authority from Wi-LAN, products compliant with the 3GPP standard, including but not limited to Vivaz, Xperia X10, Equinox, W518a, Satio, Xperia X2a, Xperia Pureness, Aino, and Naite, that fall within the scope of one or more of the claims of the '819 Patent. Sony Ericsson contributes to and induces infringement through supplying the accused Sony Ericsson products to customers, and Sony Ericsson's customers who purchase the accused Sony Ericsson products and operate those products in accordance with Sony Ericsson's instructions directly infringe one or more claims of the '819 Patent.

43. Upon information and belief, HTC makes, uses, offers for sale, imports, and/or sells products compliant with the 3GPP standard, including but not limited to Aria, HD2, Imagio, Pure, Tilt 2, Touch Cruise, G1, myTouch 3G, and Dash 3GPP ("the accused HTC products").

44. Upon information and belief, the accused HTC products support at least releases 5, 6, and 7 of the 3GPP standard.

45. Upon information and belief, the accused HTC products use orthogonal codes to transmit and/or receive a plurality of data items over a plurality of wireless links in a single frequency channel.

46. Upon information and belief, HTC has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '819 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling, without authority from Wi-LAN, products compliant with the 3GPP standard, including but not limited to Aria, HD2, Imagio, Pure, Tilt 2, Touch Cruise, G1, myTouch 3G, and Dash 3G, that fall within the scope of one or more of the claims of the '819 Patent.  HTC contributes to and induces infringement through supplying the accused HTC products to customers, and HTC's customers who purchase the accused HTC products and operate those products in accordance with HTC's instructions directly infringe one or more claims of the '819 Patent.

47. Upon information and belief, LG makes, uses, offers for sale, imports, and/or sells products compliant with the 3GPP standard, including but not limited to Encore GT550, Vu Plus GR700, GU292, Arena GT950, eXpo GW820, Shine II GD710, Xenon GR500, CF360, Vu CU920, Incite CT810, Invision CB630, Shine CU720, and Vu CU915 ("the accused LG products").

48. Upon information and belief, the accused LG products support at least releases 5, 6, and 7 of the 3GPP standard.

49. Upon information and belief, the accused LG products use orthogonal codes to transmit and/or receive a plurality of data items over a plurality of wireless links in a single frequency channel.

50. Upon information and belief, LG has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '819 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling, without authority from Wi-LAN, products compliant with the 3GPP standard, including but not limited to Encore GT550, Vu Plus GR700, GU292, Arena GT950, eXpo GW820, Shine II GD710, Xenon GR500, CF360, Vu CU920, Incite CT810, Invision CB630, Shine CU720, and Vu CU915, that fall within the scope of one or more of the claims of the '819 Patent. LG contributes to and induces infringement through supplying the accused LG products to customers, and LG's customers who purchase the accused LG products and operate those products in accordance with LG's instructions directly infringe one or more claims of the '819 Patent.

51. Defendants, by way of their infringing activities, have caused and continue to cause Wi-LAN to suffer damages, and Wi-LAN is entitled to recover from Defendants damages in an amount to be determined at trial.

52. Wi-LAN has no adequate remedy at law against the Defendants' acts of infringement, and unless the Defendants are enjoined from their infringement of the '819 Patent, Wi-LAN will suffer irreparable harm.

53. Wi-LAN reserves the right to allege, after discovery, that infringement of the '819 Patent by one or more of the Defendants is willful and deliberate, entitling Wi-LAN to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV: INFRINGEMENT OF THE '211 PATENT

54. Upon information and belief, Sony Ericsson makes, uses, offers for sale, imports, and/or sells products compliant with the 3GPP standard, including but not limited to Vivaz, Xperia X10, Equinox, W518a, Satio, Xperia X2a, Xperia Pureness, Aino, and Naite.

55. Upon information and belief, the accused Sony Ericsson products support at least releases 5, 6, and 7 of the 3GPP standard.

56. Upon information and belief, the accused Sony Ericsson products use orthogonal codes to transmit and/or receive a plurality of data items over a plurality of wireless links in a single frequency channel.

57. Upon information and belief, Sony Ericsson has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '211 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling, without authority from Wi-LAN, products compliant with the 3GPP standard, including but not limited to Vivaz, Xperia X10, Equinox, W518a, Satio, Xperia X2a, Xperia Pureness, Aino, and Naite, that fall within the scope of one or more of the claims of the '211 Patent. Sony Ericsson contributes to and induces infringement through supplying the accused Sony Ericsson products to customers, and Sony Ericsson's customers who purchase the accused Sony Ericsson products and operate those products in accordance with Sony Ericsson's instructions directly infringe one or more claims of the '211 Patent.

58. Upon information and belief, HTC makes, uses, offers for sale, imports, and/or sells products compliant with the 3GPP standard, including but not limited to Aria, HD2, Imagio, Pure, Tilt 2, Touch Cruise, G1, myTouch 3G, and Dash 3G.

59. Upon information and belief, the accused HTC products support at least releases 5, 6, and 7 of the 3GPP standard.

60. Upon information and belief, the accused HTC products use orthogonal codes to transmit and/or receive a plurality of data items over a plurality of wireless links in a single frequency channel.

61. Upon information and belief, HTC has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '211 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling, without authority from Wi-LAN, products compliant with the 3GPP standard, including but not limited to Aria, HD2, Imagio, Pure, Tilt 2, Touch Cruise, G1, myTouch 3G, and Dash 3G, that fall within the scope of one or more of the claims of the '211 Patent. HTC contributes to and induces infringement through supplying the accused HTC products to customers, and HTC's customers who purchase the accused HTC products and operate those products in accordance with HTC's instructions directly infringe one or more claims of the '211 Patent.

62. Upon information and belief, LG makes, uses, offers for sale, imports, and/or sells products compliant with the 3GPP standard, including but not limited to Encore GT550, Vu Plus GR700, GU292, Arena GT950, eXpo GW820, Shine II GD710, Xenon GR500, CF360, Vu CU920, Incite CT810, Invision CB630, Shine CU720, and Vu CU915.

63. Upon information and belief, the accused LG products support at least releases 5, 6, and 7 of the 3GPP standard.

64. Upon information and belief, the accused LG products use orthogonal codes to transmit and/or receive a plurality of data items over a plurality of wireless links in a single frequency channel.

65. Upon information and belief, LG has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '211 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling, without authority from Wi-LAN, products compliant with the 3GPP standard, including but not limited to Encore GT550, Vu Plus GR700, GU292, Arena GT950, eXpo GW820, Shine II GD710, Xenon GR500, CF360, Vu CU920, Incite CT810, Invision CB630, Shine CU720, and Vu CU915, that fall within the scope of one or more of the claims of the '211 Patent. LG contributes to and induces infringement through supplying the accused LG products to customers, and LG's customers who purchase the accused LG products and operate those products in accordance with LG's instructions directly infringe one or more claims of the '211 Patent.

66. Defendants, by way of their infringing activities, have caused and continue to cause Wi-LAN to suffer damages, and Wi-LAN is entitled to recover from Defendants damages in an amount to be determined at trial.

67. Wi-LAN has no adequate remedy at law against the Defendants' acts of infringement, and unless the Defendants are enjoined from their infringement of the '211 Patent, Wi-LAN will suffer irreparable harm.

68. Wi-LAN reserves the right to allege, after discovery, that infringement of the '211 Patent by one or more of the Defendants is willful and deliberate, entitling Wi-LAN to increased

damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

Wi-LAN demands a trial by jury for any and all issues triable of right before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Wi-LAN requests entry of judgment in its favor and against Defendants as follows:

A.  Declaring that Defendants have infringed one or more of U.S. Patent No. 6,088,326, U.S. Patent No. 6,195,327, U.S. Patent No. 6,222,819, and U.S. Patent No. 6,381,211;

B.  Permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of one or more of U.S. Patent No. 6,088,326, U.S. Patent No. 6,195,327, U.S. Patent No. 6,222,819, and U.S. Patent No. 6,381,211;

C.  Awarding to Wi-LAN damages arising out of Defendants' infringement of one or more of U.S. Patent No. 6,088,326, U.S. Patent No. 6,195,327, U.S. Patent No. 6,222,819, and U.S. Patent No. 6,381,211, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount to be determined at trial;

D.  Awarding to Wi-LAN its costs in connection with this action; and

E.  Such other and further relief in law or in equity to which Wi-LAN may be justly entitled.

Dated:  October 5, 2010                    Respectfully submitted,

By: */s/ David B. Weaver (w/permission Wesley Hill)*

Johnny Ward
Texas State Bar No. 00794818
Email: jw@jwfirm.com
Wesley Hill
Texas State Bar No. 24032294
Email: wh@jwfirm.com
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, TX 75601
Tel:  (903) 757-6400
Fax: (903) 757-2323

David B. Weaver – LEAD ATTORNEY
Texas State Bar No. 00798576
David D. Hornberger
Texas State Bar No. 24055686
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746
Tel:  (512) 542-8400
dweaver@velaw.com
dhornberger@velaw.com

Charles P. Ebertin
VINSON & ELKINS LLP
525 University Avenue, Suite 410
Palo Alto, CA 94301-1918
Tel:  (650) 617-8400
cebertin@velaw.com

*Attorneys for Plaintiff, Wi-LAN Inc.*