**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| WI-LAN INC., § § Plaintiff, § § v. § § ALCATEL-LUCENT USA INC.; § TELEFONAKTIEBOLAGET LM § ERICSSON; ERICSSON INC.; SONY § ERICSSON MOBILE COMMUNICATIONS § AB; SONY ERICSSON MOBILE § COMMUNICATIONS (USA) INC.; HTC § CORPORATION; HTC AMERICA, INC.; § EXEDEA INC.; LG ELECTRONICS, INC.; § LG ELECTRONICS MOBILECOMM U.S.A., § INC.; LG ELECTRONICS U.S.A., INC. § § Defendants. § § | Civil Action No. 6:10-cv-521-LED JURY TRIAL DEMANDED |

**WI-LAN INC.'S REPLY TO DEFENDANT TELEFONAKTIEBOLAGET
LM ERICSSON'S ANSWER AND COUNTERCLAIMS TO
PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Wi-LAN Inc. ("Wi-LAN") hereby replies to the numbered paragraphs of the Counterclaims of Defendant Telefonaktiebolaget LM Ericsson ("LME") as follows:

Wi-LAN reasserts and incorporates by reference herein its allegations set forth in paragraphs 1-68 of its original Complaint.

1.  Wi-LAN admits that LME is a corporation organized and existing under the laws of Sweden having its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden.

2.  Wi-LAN admits that it is a corporation organized under the laws of Canada with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada.

3. Wi-LAN admits that the Court has subject-matter jurisdiction over LME's Counterclaims.

## BREACH OF CONTRACT

4. Wi-LAN admits Wi-LAN and LME executed a Patent and Conflict Resolution Agreement having an effective date of November 1, 2007. Wi-LAN denies the remaining allegations of paragraph 4 of LME's Counterclaims.

5. Wi-LAN denies the allegations of paragraph 5 of LME's Counterclaims.

6. Wi-LAN admits LME has performed at least one duty under the Patent and Conflict Resolution Agreement, but denies the remaining allegations of paragraph 6 of LME's Counterclaims.

7. Wi-LAN denies the allegations of paragraph 7 of LME's Counterclaims.

## NON-INFRINGEMENT AND INVALIDITY OF THE '326 PATENT

8. Wi-LAN admits the allegations of paragraph 8 of LME's Counterclaims.

9. Wi-LAN admits the allegations of paragraph 9 of LME's Counterclaims.

10. Wi-LAN denies the allegations of paragraph 10 of LME's Counterclaims.

11. Wi-LAN denies the allegations of paragraph 11 of LME's Counterclaims.

## NON-INFRINGEMENT AND INVALIDITY OF THE '327 PATENT

12. Wi-LAN admits the allegations of paragraph 12 of LME's Counterclaims.

13. Wi-LAN admits the allegations of paragraph 13 of LME's Counterclaims.

14. Wi-LAN denies the allegations of paragraph 14 of LME's Counterclaims.

15. Wi-LAN denies the allegations of paragraph 15 of LME's Counterclaims.

## NON-INFRINGEMENT AND INVALIDITY OF THE '819 PATENT

16. Wi-LAN admits the allegations of paragraph 16 of LME's Counterclaims.

17. Wi-LAN admits the allegations of paragraph 17 of LME's Counterclaims.

18. Wi-LAN denies the allegations of paragraph 18 of LME's Counterclaims.

19. Wi-LAN denies the allegations of paragraph 19 of LME's Counterclaims.

## NON-INFRINGEMENT AND INVALIDITY OF THE '211 PATENT

20. Wi-LAN admits the allegations of paragraph 20 of LME's Counterclaims.

21. Wi-LAN denies the allegations of paragraph 21 of LME's Counterclaims.

22. Wi-LAN does not have knowledge or information to either admit or deny the allegations of paragraph 22 of LME's Counterclaims, and on that basis denies them.

23. Wi-LAN denies the allegations of paragraph 23 of LME's Counterclaims.

## REPLY TO PRAYER FOR RELIEF

To the extent a reply is necessary, Wi-LAN denies that LME is entitled to any of the relief requested in its Prayer for Relief.

## WI-LAN'S PRAYER FOR RELIEF

In view of the foregoing, Wi-LAN respectfully requests the following relief:

A. An order dismissing with prejudice LME's Counterclaims;

B. An order finding Wi-LAN has not breached the Patent and Conflict Resolution agreement executed by LME and Wi-LAN and that LME has not suffered any actual damages;

C. LME's prayer for attorney's fees and costs be denied;

D. Judgment be entered in favor of Wi-LAN that each of the claims of the '326, '327, and '819 patents is valid and infringed;

E. In the event the Court finds a case or controversy exists as to the validity of the '211 patent, an order finding the '211 patent valid;

F. An order declaring that this is an exceptional case and awarding Wi-LAN its costs, expenses, and reasonable attorney fees under 35 U.S.C. § 285 and all other

        applicable statutes, rules, and common law, including all such laws governing contracts in the State of New York; and

G.     The Court award Wi-LAN the relief sought in its original Complaint.

Dated:  February 17, 2011          Respectfully submitted,

                                                  By: /s/ David B. Weaver w/permission Wesley Hill

            Johnny Ward
            Texas State Bar No. 00794818
            Wesley Hill
            Texas State Bar No. 24032294
            WARD & SMITH LAW FIRM
            111 W. Tyler Street
            Longview, TX 75601
            Tel:  (903) 757-6400
            Fax: (903-757-2323
            jw@wsfirm.com
            wh@wsfirm.com

            David B. Weaver – LEAD ATTORNEY
            Texas State Bar No. 00798576
            David D. Hornberger
            Texas State Bar No. 24055686
            VINSON & ELKINS LLP
            2801 Via Fortuna, Suite 100
            Austin, TX 78746
            Tel:  (512) 542-8400
            Fax: (512)236-3476
            dweaver@velaw.com
            dhornberger@velaw.com

            Chuck P. Ebertin
            California State Bar No. 161374
            VINSON & ELKINS LLP
            525 University Avenue, Suite 410
            Palo Alto, CA 94301-1918
            Tel:  (650) 687-8204
            Fax: (650) 618-8508
            cebertin@velaw.com

            *Attorneys for Plaintiff, Wi-LAN Inc.*

## **CERTIFICATE OF SERVICE**

     The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).   All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 17th day of February, 2011.

                                                  /s/ Wesley Hill
                                                  Wesley Hill

US 735016v.1