IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| WI-LAN INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ALCATEL-LUCENT USA INC.; | § | |
| TELEFONAKTIEBOLAGET LM | § | Civil Action No. 6:10-cv-521-LED |
| ERICSSON; ERICSSON INC.; SONY | § | |
| ERICSSON MOBILE COMMUNICATIONS | § | JURY TRIAL DEMANDED |
| AB; SONY ERICSSON MOBILE | § | |
| COMMUNICATIONS (USA) INC.; HTC | § | |
| CORPORATION; HTC AMERICA, INC.; | § | |
| EXEDEA INC.; LG ELECTRONICS, INC.; | § | |
| LG ELECTRONICS MOBILECOMM U.S.A., | § | |
| INC.; LG ELECTRONICS U.S.A., INC. | § | |
| | § | |
| Defendants. | § | |

**JOINT AGREED DISCOVERY ORDER**

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1. **Disclosures**. Within thirty (30) days after the Scheduling Conference, and without awaiting a discovery request, each party shall disclose to every other party the following information:

    A. the correct names of the parties to the lawsuit;

    B. the name, address, and telephone number of any potential parties;

    C. the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    D. the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection

1

      with the case, and a brief, fair summary of the substance of the information known by such person;

   E.  any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

   F.  any settlement agreements relevant to the subject matter of this action;

   G.  any statement of any party to the litigation;

2. **Additional Disclosures**. Each party, without awaiting a discovery request, shall provide to every other party the following information:

   A.  the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;

   B.  to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules[1], not later than September 14, 2011, and without awaiting a discovery request, a copy of all documents, data compilations and tangible things – other than source code for the accused products – in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials. Source code for each accused product will be provided for inspection and production as governed by a separate agreement of the parties, or by a Court order, which agreement or order shall set forth the scope and timing of the source-code production; and

3. **Testifying Experts**. Each party is limited to four testifying expert witnesses. Any testifying expert witness(es) shared by more than one Defendant shall count as one of the four allotted testifying expert witness(es) for each of those Defendants. For each testifying expert, by the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

   A.  The expert's name, address, and telephone number;

---

[1]  The Patent Rules are Appendix M to the Local Rules which are available on the Court's website at www.txed.uscoverts.gov.

      B.      The subject matter on which the expert will testify;

      C.      A report as required by Federal Rule of Civil Procedure 26(a)(2)(B);

      D.      If the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting the general substance of the expert's mental impressions and opinions;

      E.      If the expert is retained by, employed by, or otherwise subject to the control of one or more disclosing party;

    (1)    all documents, tangible things, reports, models, or data compilations that considered by the expert in forming any and all opinions that the expert will express in this Litigation;

    (2)    the expert's current resume and bibliography; and

    (3)    the disclosures required by Local Rule CV-26(b)(1).

      F.      Discoverability of drafts of expert reports and communications between a party's attorney and the party's experts shall be governed by Rule 26(b)(4) of the Federal Rules of Civil Procedure, in the form in which that Rule existed on June 24, 2011.

4.    **Discovery Limitations**.  Discovery is limited in this cause to the disclosures described in Paragraphs 1 - 3 together with the following limitations:

    A.    **Written Discovery**

      (1)    Plaintiff may serve up to fifteen (15) interrogatories stated identically to all Defendants and up to fifteen (15) interrogatories stated individually to each of the four individual Defendant Groups (*i.e.*, Alcatel-Lucent, the Sony Ericsson Defendants, the HTC Defendants, and the Ericsson Defendants).  Defendants may collectively serve up to fifteen (15) interrogatories stated identically on Plaintiff, and each of the four Defendant Groups (*i.e.*, Alcatel-Lucent, the Sony Ericsson Defendants, the HTC Defendants, and the Ericsson Defendants) may serve up to fifteen (15) additional interrogatories per Defendant Group on Plaintiff.

      (2)    Plaintiff may serve up to thirty (30) requests for admission stated identically to all Defendants and up to ten (10) requests for admission stated individually to each individual Defendant Group

    (*i.e.*, Alcatel-Lucent, the Sony Ericsson Defendants, the HTC Defendants, and the Ericsson Defendants). Defendants may collectively serve up to thirty (30) common requests for admission stated identically to Plaintiff, and each Defendant Group may individually serve up to ten (10) additional requests for admission on Plaintiff. Additionally, any Party may serve upon any Producing Party up to one hundred (100) requests for admission regarding the genuineness or authenticity of documents produced by that Producing Party, in a manner consistent with Rule 36 of the Federal Rules of Civil Procedure.

  B. **Fact Depositions of Parties and Non-Parties**

    (1) Plaintiff may take up to forty (40) hours of non-expert depositions per Defendant Group (*i.e.*, Alcatel-Lucent, the Sony Ericsson Defendants, the HTC Defendants, and the Ericsson Defendants), including individual and Rule 30(b)(6) depositions, and Plaintiff may take up to an additional fifty (50) hours of non-expert depositions of non-party witnesses (*e.g.*, former employees, third-party prior art or public use witnesses, customers, etc.). Defendants agree to meet and confer in good faith should Plaintiff request additional time to take non-expert depositions of any Defendant Group.

    (2) Defendants, whether individually or collectively, may take up to a combined total of sixty (60) hours of non-expert depositions of Plaintiff (including Rule 30(b)(6) depositions and individual depositions). Pursuant to Rule 30(a)(1), Defendants, whether individually or collectively, may depose each of the named inventors on the patent-in-suit, and each attorney or record for the prosecution thereof, in their individual capacities for up to a total of seven (7) hours per witness. Defendants, whether individually or collectively, may take up to an additional one hundred fifty (150) hours of non-expert depositions of non-party witnesses (*e.g.*, former employees, third-party prior art or public use witnesses, customers, etc.). Plaintiff agrees to meet and confer in good faith should Defendants request additional time to take non-expert depositions of Plaintiff.

    (3) Any party may elicit Rule 30(b)(1) testimony from a witness designated as a Rule 30(b)(6) witness during any deposition taken pursuant to Rule 30(b)(6), to the extent that the record clearly indicates that any such questions and answers are being provided in the witness' individual capacity. Similarly, in order to ensure a clear record, and notwithstanding limitations on deposition

        objections contained in Local Rule CV-30, counsel representing a witness designated as a 30(b)(6) witness may object to questions eliciting Rule 30(b)(1) testimony as "Objection, outside the scope of the Rule 30(b)(6) topics for which the witness was designated" or a similar objection.

    (4)    Except as set forth above, the duration of depositions shall be governed by Rule 30(d)(1).

    C.    **Expert Depositions**

        Promptly after the parties serve their expert reports, the parties shall confer in good faith in an effort to reach agreement regarding limits on expert deposition time.

    D.    **Reasonable Modifications**

        At the time of entry of this Order, this proceeding is still in a preliminary stage, and discovery has not yet commenced. Accordingly, the parties shall meet and confer in good faith about reasonable adjustments to any of the preceding limits as discovery progresses. Furthermore, to the extent the parties are unable to reach agreement, any party may move the Court to modify these limitations for good cause.

5.    **Privileged Information**. There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. The parties agree that they need not exchange privilege logs identifying privileged documents or attorney work product generated on or after October 4, 2010. Any party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall, within thirty (30) days of the filing of the motion to compel, file with the Court its response to the motion, including any proof in the form of declarations or affidavits to support its assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order.

6. **Pre-trial Disclosures**. By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party may present at trial:

   A. The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

   B. The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

   C. An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

   By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C." above. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature**. The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8. **Exchange of Disclosures**. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5 or via electronic mail.

9. **Notification of the Court**. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

10. **Duty to Supplement**. After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11. **Requests for Production**. Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

12. **Discovery Disputes**. Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

13. **Discovery Conferences**. Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention. Counsel shall promptly notify the Court of the results of the meeting. Attendance by proxy is not permitted. Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.

14. **No Excuses**. A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

15. **Protective Orders**. A copy of the Court's standard protective order is available on the Court's website at www.txed.uscourts.gov entitled "Judge Davis Standard Protective Order." A party may request that the Court issue the Protective Order. However, the parties may jointly request entry of a stipulated protective order, or a party may propose to modify the terms of the Protective Order for good cause. The Court authorizes the parties to file any document that is subject to a protective order under seal.

16. **Courtesy Paper Copies**. Paper copies will not be accepted by this Court unless specifically requested.

17. **Hearing Notebooks**. With the exception of Markman notebooks required in the Docket Control Order, hearing notebooks are no longer required or requested. However, the Court may request hearing notebooks in specific instances.


**So ORDERED and SIGNED this 6th day of July, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**

Dated: June 24, 2011

Respectfully submitted,

*/s/ Gregory S. Arovas (*with permission*)*
Gregory S. Arovas (NY Bar 2553782)
Robert A. Appleby (NY Bar 2681971)
Akshay S. Deoras (NY Bar 4701082)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
robert.appleby@kirland.com
greg.arovas@kirkland.com
akshay.deoras@kirkland.com

***Attorneys for Defendant Alcatel-Lucent USA Inc.***

*/s/ Martin R. Bader (*with permission*)*
Stephen S. Korniczky (CA Bar 135532)
Martin R. Bader (CA Bar 222865)
Daniel N. Yannuzzi (CA Bar 196612)
Inge Larish (TX Bar 00796924)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130
Tel: (858) 720-8924
Fax: (858) 847-4892
skorniczky@sheppardmullin.com
mbader@sheppardmullin.com
dyanuzzi@sheppardmullin.com
ilarish@sheppardmullin.com

***Attorneys for Defendants HTC Corporation, HTC America Inc., and Exeda Inc.***

By: /s/ *David B. Weaver*

David B. Weaver (TX Bar 00798576)
**Lead Attorney**
David D. Hornberger (TX Bar 24055686)
Juliet M. Dirba (TX Bar 24051063)
John A. Fedock (TX Bar 24059737)
Jeffrey T. Han (TX Bar 24069870)
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746
Tel: (512) 542-8400
Fax: (512) 542-8612
dweaver@velaw.com
dhornberger@velaw.com
jdirba@velaw.com
jfedock@velaw.com
jhan@velaw.com

Charles P. Ebertin (CA Bar 161374)
VINSON & ELKINS LLP
525 University Avenue, Suite 410
Palo Alto, CA 94301-1918
Tel: (650) 617-8400
Fax: (650) 618-8508
cebertin@velaw.com

***Attorneys for Plaintiff, Wi-LAN Inc.***

*/s/Bruce S. Sostek (*with permission*)*
Bruce S. Sostek (TX Bar 18855700)
THOMPSON KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
Tel: (214) 969-1700
Fax: (214) 969-1751
bruce.sostek@tklaw.com

***Lead Counsel for Defendants Ericsson Inc., Telefonaktiebolaget LM Ericsson, Sony Ericsson Mobile Communications (USA) Inc.***

**CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).   All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 24th day of June 2011.

              /s/ *David B. Weaver*
              David B. Weaver