## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| WI-LAN INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ALCATEL-LUCENT USA INC.; | § | Civil Action No. 6:10-cv-521-LED |
| TELEFONAKTIEBOLAGET LM | § | |
| ERICSSON; ERICSSON INC.; SONY | § | JURY TRIAL DEMANDED |
| ERICSSON MOBILE COMMUNICATIONS | § | |
| AB; SONY ERICSSON MOBILE | § | |
| COMMUNICATIONS (USA) INC.; HTC | § | |
| CORPORATION; HTC AMERICA, INC.; | § | |
| EXEDEA INC.; LG ELECTRONICS, INC.; | § | |
| LG ELECTRONICS MOBILECOMM U.S.A., | § | |
| INC.; LG ELECTRONICS U.S.A., INC. | § | |
| | § | |
| Defendants. | § | |

## DOCKET CONTROL ORDER

It is hereby ORDERED that the following schedule of deadlines is in effect until further

order of this Court:

| **April 8, 2013** Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. JURY TRIAL as reached at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |
|---|---|
| April 8, 2013 | EXHIBITS & EXHIBIT LISTS:  Each party shall provide the Court with one set of exhibits and three copies of the exhibit list. The Court's preferred format for Exhibit Lists is available on the Court's website at www.txed.uscourts.gov under "Orders & Forms."<br><br>    The parties are further requested to have all exhibits labeled with the following information on each label: Designation of Plaintiff's or Defendant's Exhibit Number and Case Number.<br><br>    At the conclusion of the evidentiary phase of trial, each party shall be responsible for pulling those exhibits admitted at trial to be submitted to the jury.  In addition, each party shall submit to the Court |

| | a Final Exhibit List of all of their exhibits admitted during trial. |
|---|---|
| | At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom. |
| | Within two business days of the conclusion of trial, each party shall submit to the Court the following: |
| | (1) A disk or disks containing all admitted trial exhibits in PDF format.  If tangible exhibits were admitted, such exhibits shall be substituted with a photograph to be converted to a PDF file and shall be included in the Court's disk of admitted exhibits. If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be copied on a separate disk. |
| | (2) A disk or disks containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition. |
| | After verification of exhibit lists by the Clerk, the lists shall be filed by the Clerk, and the disk or disks containing the exhibits in PDF format shall be stored in the Clerk's Office, Tyler Division. |
| **April 1, 2013**<br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. JURY SELECTION at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |
| **March 21, 2013**<br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. PRETRIAL CONFERENCE at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.**<br>All pending motions will be heard.<br>Lead trial counsel must attend the pretrial conference. |
| March 18, 2013 | Parties to file estimates of the amount of time they request at jury selection and trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. |
| March 15, 2013 | Responses to Motions in Limine due. |
| March 11, 2013 | Motions in Limine due.  The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. |
| March 11, 2013 | Pretrial Objections due. |

| March 1, 2013 | Objections to Rebuttal Deposition Testimony due. |
| --- | --- |
| February 25, 2013 | Rebuttal Designations and Objections to Deposition Testimony due. Cross examination line and page numbers to be included.  In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| February 13, 2013 | Pretrial Disclosures due.<br><br>Video and Stenographic Deposition Designation due.  Each party who proposes to offer deposition testimony shall file a disclosure identifying the line and page numbers to be offered. |
| January 25, 2013 | Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials due.   Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench.<br><br>Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due.  If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Shea Sloan, at shea_sloan@txed.uscourts.gov. |
| December 17, 2012 | **Response to Dispositive Motions (including Daubert motions) due.** Responses to dispositive motions filed prior to the dispositive motion deadline, including Daubert motions, shall be due in accordance with Local Rule CV-56 and Local Rule CV-7.  <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| November 16, 2012 | **Dispositive Motions due from all parties and any other motions that may require a hearing (including Daubert motions) due.** Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| November 13, 2012 | Parties to Identify Rebuttal Trial Witnesses. |
| November 2, 2012 | Parties to Identify Trial Witnesses; Amend Pleadings (after Markman Hearing).  It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings.  It is necessary to file a Motion for Leave to Amend after the deadline.  However, except as provided in Patent Rule 3-6, if the amendment would effect infringement contentions or invalidity contentions, a motion must be |

| | |
|---|---|
| | made pursuant to Patent Rule 3-6 irrespective of whether the amendment is made prior to this deadline. |
| 28 Days After Date for Rebuttal Expert Witness Reports or October 19, 2012, whichever is later | **Discovery Deadline.** |
| 50 Days After Court Issues Claim Construction Order, or September 21, 2012, whichever is later | Parties designate rebuttal expert witnesses (non-construction issues), Rebuttal expert witness reports due.  Refer to Local Rules for required information. |
| 28 Days After Court Issues Claim Construction Order, or August 24, 2012, whichever is later | Parties with burden of proof designate expert witnesses (non-construction issues).  Expert witness reports due.  Refer to Local Rules for required information. |
| July 27, 2012 | Comply with P.R.3-7 - Furnishing documents and privilege logs pertaining to willful infringement. |
| **April 26, 2012** <br><br>Court designated date – not flexible without good cause – Motion Required | **Markman hearing and hearing on any Motion for Summary Judgment of Indefiniteness at 9:30 a.m. at the United States District Court, 211 West Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |
| April 19, 2012 | P.R. 4-5(d) Chart due.  Parties shall jointly submit a claim construction chart on computer disk in WordPerfect format or in such other format as the Court may direct in accordance with P.R. 4-5(d). <br><br>**Reply to Motion for Summary Judgment of Indefiniteness due.** The filing party is to provide the Court with 2 binders containing their brief and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. <br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e).  Motions to extend page limits will only be granted in exceptional circumstances. |
| April 13, 2012 | Parties to file a notice with the Court stating the estimated amount of time requested for the Markman Hearing.  The Court will notify the parties if it is unable to accommodate this request. <br><br>**Comply with P.R. 4-5(c)** - Reply brief and supporting evidence due re |

| | response to claim construction.  The filing party is to provide the Court with 2 binders containing their reply brief and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>**Response to Motion for Summary Judgment of Indefiniteness due**.  The filing party is to provide the Court with 2 binders containing their brief and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e).   Motions to extend page limits will only be granted in exceptional circumstances. |
|---|---|
| March 30, 2012 | **Comply with P.R. 4-5(b)** - Responsive brief and supporting evidence due to party claiming patent infringement.   The filing party is to provide the Court with 2 binders containing their Markman brief and exhibits appropriately tabbed.   If a technical advisor has been appointed the moving party is to provide their Markman brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>**Motion for Summary Judgment of Indefiniteness due**.  The moving party is to provide the Court with 2 binders containing their brief and exhibits appropriately tabbed.   If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e).   Motions to extend page limits will only be granted in exceptional circumstances. |
| March 16, 2012 | **Comply with P.R. 4-5(a)** - The party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction.   The filing party is to provide the Court with 2 binders containing their Markman brief and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their Markman brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e).   Motions to extend page limits will only be granted in exceptional circumstances. |

| March 14, 2012 | Tutorials due.  Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in the patents-in-suit.  If a technical advisor has been appointed, each party that provides a tutorial shall provide a copy to the advisor. |
|---|---|
| March 7, 2012 | **Discovery Deadline - Claim Construction Issues.** |
| February 23, 2012 | Respond to Amended Pleadings. |
| February 16, 2012 | Proposed Technical Advisors due.  Parties to provide name, address, phone number, and curriculum vitae for up to three agreed technical advisors and information regarding the nominees' availability for Markman hearing or a statement that they could not reach an agreement as to any potential technical advisor.  If the parties cannot agree on a technical advisor, they shall not submit any proposed technical advisors to the Court. |
| February 9, 2012 | Amended Pleadings (pre-claim construction) due from all parties.  It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings.  It is necessary to file a Motion for Leave to Amend after the deadline.  However, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-7 irrespective of whether the amendment is made prior to this deadline. |
| February 6, 2012 | **Comply with P.R. 4-3** - Filing of Joint Claim Construction and Prehearing Statement. |
| January 6, 2012 | **Comply with P.R. 4-2** - Exchange of Preliminary Claim Constructions and Extrinsic Evidence.  Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| November 4, 2011 | **Comply with P.R. 4-1** - Exchange Proposed Terms and Claim Elements for Construction. |
| September 14, 2011 | **Comply with P.R. 3-4(a)** – Each defendant must produce or make available for inspection and copying source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by Wi-LAN in its P. R. 3-1 disclosures. |

| September 2, 2011 | **Comply with P.R. 3-3 and 3-4(b)**- Invalidity Contentions and associated prior art due, pursuant to and as required by P.R. 3-3 and 3-4(b).  Thereafter, it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-6.<br><br>Defendants shall join additional parties.  It is not necessary to file a motion to join additional parties prior to this date.  Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>Defendants shall assert any counterclaims.  After this deadline, leave of Court must be obtained to assert any counterclaims.<br><br>Add any inequitable conduct allegations to pleadings.  It is not necessary to file a motion for leave to add inequitable conduct allegations to pleadings prior to this date.  Thereafter, it is necessary to obtain leave of Court to add inequitable conduct allegations to pleadings. |
|---|---|
| June 14, 2011 | **Comply with P.R. 3-1 and P.R. 3-2** - Disclosure of Asserted Claims and Infringement Contentions due.  Thereafter, it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-6.<br><br>Plaintiff shall join additional parties.  It is not necessary to file a motion to join additional parties prior to this date.  Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>Plaintiff shall add new patents and/or claims for patents-in-suit.  It is not necessary to file a motion to add additional patents or claims prior to this date.  Thereafter, it is necessary to obtain leave of Court to add patents or claims. |
| March 30, 2012 | **Mediation to be completed.**<br><br>The Honorable Robert Faulkner of JAMS, located at 8401 N. Central Expressway, Suite 610, Dallas, Texas 75225, is appointed as mediator in this cause with respect to the disputes between Wi-LAN and the Ericsson Defendants, and with respect to the disputes between Wi-LAN and the Sony Ericsson Defendants.  Judge Faulkner's office phone number is (214) 891-4523.<br><br>Mr. Jim Knowles, One American Center, 909 ESE Loop 323, Suite 410, Tyler, Texas 75701, is appointed as mediator in this cause with respect to the disputes between Wi-LAN and Alcatel-Lucent, and with respect to the disputes between Wi-LAN and the HTC Defendants.  Mr. Knowles' office phone number is 903-534-3800.<br><br>Mediation shall be conducted in accordance with the Court-Annexed Mediation Plan.  See Appendix H to Local Rules, available on the Court's website at www.txed.uscourts.gov. |

| 6-8 days | EXPECTED LENGTH OF TRIAL |
|---|---|

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition."  Local Rule CV-7(e) provides that a party opposing a motion has 15 days in which to serve and file supporting documents and briefs after which the Court will consider the submitted motion for decision.

## OTHER LIMITATIONS

(a)     All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

(b)     The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(i)     The fact that there are motions for summary judgment or motions to dismiss pending;

(ii)     The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(iii)     The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

So **ORDERED** and **SIGNED** this 6th day of July, 2011.

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

Dated:  June 24, 2011                               Respectfully submitted,


*/s/  Gregory S. Arovas (*with permission*)*        By:   */s/ David B.  Weaver*
Gregory S. Arovas (NY Bar 2553782)
Robert A. Appleby (NY Bar 2681971)                       David B. Weaver (TX Bar 00798576)
Akshay S. Deoras (NY Bar 4701082)                        **Lead Attorney**
KIRKLAND & ELLIS LLP                                     David D. Hornberger (TX Bar 24055686)
601 Lexington Avenue                                     Juliet M. Dirba (TX Bar 24051063)
New York, NY 10022                                       John A. Fedock (TX Bar 24059737)
Tel:  (212) 446-4800                                     Jeffrey T. Han (TX Bar 24069870)
Fax: (212) 446-4900                                      VINSON & ELKINS LLP
robert.appleby@kirland.com                               2801 Via Fortuna, Suite 100
greg.arovas@kirkland.com                                 Austin, TX 78746
akshay.deoras@kirkland.com                               Tel:  (512) 542-8400
                                                         Fax: (512) 542-8612
                                                         dweaver@velaw.com
**Attorneys for Defendant Alcatel-Lucent**               dhornberger@velaw.com
**USA Inc.**                                             jdirba@velaw.com
                                                         jfedock@velaw.com
                                                         jhan@velaw.com
*/s/ Martin R. Bader (*with permission*)*
Stephen S. Korniczky (CA Bar 135532)                     Charles P. Ebertin (CA Bar 161374)
Martin R. Bader (CA Bar 222865)                          VINSON & ELKINS LLP
Daniel N. Yannuzzi (CA Bar 196612)                       525 University Avenue, Suite 410
Inge Larish (TX Bar 00796924)                            Palo Alto, CA 94301-1918
SHEPPARD MULLIN RICHTER & HAMPTON LLP                     Tel:  (650) 617-8400
12275 El Camino Real, Suite 200                          Fax: (650) 618-8508
San Diego, CA 92130                                      cebertin@velaw.com
Tel: (858) 720-8924
Fax: (858) 847-4892
skorniczky@sheppardmullin.com                            **Attorneys for Plaintiff, Wi-LAN Inc.**
mbader@sheppardmullin.com
dyanuzzi@sheppardmullin.com
ilarish@sheppardmullin.com
                                                         */s/Bruce S. Sostek (*with permission*)*
                                                         Bruce S. Sostek (TX Bar 18855700)
**Attorneys for Defendants HTC**                         THOMPSON KNIGHT LLP
**Corporation, HTC America Inc., and**                   1722 Routh Street, Suite 1500
**Exeda Inc.**                                           Dallas, TX 75201
                                                         Tel: (214) 969-1700
                                                         Fax: (214) 969-1751
                                                         bruce.sostek@tklaw.com


                                                         **Lead Counsel for Defendants Ericsson**
                                                         **Inc., Telefonaktiebolaget LM Ericsson,**
                                                         **Sony Ericsson Mobile Communications**
                                                         **(USA) Inc.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).   All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 24th day of June 2011.


/s/ *David B. Weaver*
David B. Weaver