**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| WI–LAN INC., | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 6:10–CV–521–LED |
| ALCATEL–LUCENT USA INC., *et al*., | |
| Defendants. | |

**ERICSSON INC.'S SECOND AMENDED ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT, AND
ERICSSON INC.'S FIRST AMENDED COUNTERCLAIMS AGAINST PLAINTIFF**

Pursuant Rule 15(a) of the Federal Rules of Civil Procedure, Defendant Ericsson Inc. files this Second Amended Answer to Plaintiff's Original Complaint ("Complaint") filed on October 5, 2010 by Plaintiff, Wi-LAN Inc. ("Plaintiff"), and alleges as follows:

**PARTIES**

1.      Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore denies the allegations in that paragraph.

2.      Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies the allegations in that paragraph.

3.      Ericsson Inc. admits that Defendant Telefonaktiebolaget LM Ericsson is a Swedish corporation with a principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden.  Ericsson Inc. further admits that Ericsson Inc. is an indirect subsidiary of

Defendant Telefonaktiebolaget LM Ericsson with a principal place of business at 6300 Legacy Drive, Plano, Texas 75024.  Ericsson Inc. is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint and therefore denies those allegations.

4.      Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies the allegations in that paragraph.

5.      Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore denies the allegations in that paragraph.

6.      Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and therefore denies the allegations in that paragraph.

### JURISDICTION AND VENUE

7.      Ericsson Inc. admits that this purports to be an action for patent infringement under the Patent Laws of the United States.

8.      Ericsson Inc. admits the allegations in paragraph 8 of the Complaint.

9.      Responding to the allegations in paragraph 9 of the Complaint, Ericsson Inc. does not contest that venue is proper in this action.

### THE PATENTS-IN-SUIT

10.     Ericsson Inc. admits that Exhibit A to the Complaint appears to be a copy of U.S. Patent No. 6,088,326, entitled Processing Data Transmitted and Received over a Wireless Link Connecting a Central Terminal and a Subscriber Terminal of a Wireless Telecommunications

System." Ericsson Inc. is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint and therefore denies those allegations.

11. Ericsson Inc. admits that Exhibit B to the Complaint appears to be a copy of U.S. Patent No. 6,195,327, entitled "Controlling Interference in a Cell of a Wireless Telecommunication System." Ericsson Inc. is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint and therefore denies those allegations.

12. Ericsson Inc. admits that Exhibit C to the Complaint appears to be a copy of U.S. Patent No. 6,222,819, entitled "Processing Data Transmitted and Received Over a Wireless Link Connecting a Central Terminal and a Subscriber Terminal of a Wireless Telecommunications System." Ericsson Inc. is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint and therefore denies those allegations.

13. Ericsson Inc. admits that Exhibit D to the Complaint appears to be a copy of U.S. Patent No. 6,381,211, entitled "Processing Data Transmitted and Received Over a Wireless Link Connecting a Central Terminal and a Subscriber Terminal of a Wireless Telecommunications System." Ericsson Inc. is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint and therefore denies those allegations.

14. Ericsson Inc. denies the allegations in paragraph 14 of the Complaint.

## COUNT I

15. Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore denies the allegations in that paragraph.

16.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies the allegations in that paragraph.

17.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore denies the allegations in that paragraph.

18.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore denies the allegations in that paragraph.

19.     Ericsson Inc. admits that it sells and offers for sale the RBS-3000, RBS-6000, W30 and W35 products.  Ericsson Inc. admits that it has sold and/or offered for sale certain products that are compliant with portions of the 3GPP standard.  Ericsson Inc. is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint and therefore denies those allegations.

20.     Responding to the allegations in paragraph 20 of the Complaint, Ericsson Inc. admits that it has sold and/or offered for sale certain products that support portions of the 3GPP standard.  Ericsson Inc. denies the remaining allegations in paragraph 20.

21.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 21 of the Complaint as written and therefore denies the allegations in that paragraph.

22.     Ericsson Inc. denies the allegations of paragraph 22.

23.     Ericsson Inc. denies the allegations of paragraph 23 as they relate to Ericsson Inc. Ericsson Inc. is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint and therefore denies those allegations.

24.     Ericsson Inc. denies the allegations of paragraph 24 as they relate to Ericsson Inc. Ericsson Inc. is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint and therefore denies those allegations.

25.     Ericsson Inc. denies the allegations of paragraph 25 as they relate to Ericsson Inc. Ericsson Inc. is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint and therefore denies those allegations.

COUNT II

26.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and therefore denies the allegations in that paragraph.

27.     Ericsson Inc. admits that it sells and offers for sale the RBS-3000, RBS-6000, W30 and W35 products.  Ericsson Inc. admits that it has sold and/or offered for sale certain products that are compliant with portions of the 3GPP standard.  Ericsson Inc. denies the remaining allegations of paragraph 27 of the Complaint.

28.     Ericsson Inc. denies the allegations of paragraph 28 as they relate to Ericsson Inc. Ericsson Inc. is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint and therefore denies those allegations.

29.     Ericsson Inc. denies the allegations of paragraph 29 as they relate to Ericsson Inc. Ericsson Inc. is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 29 of the Complaint and therefore denies those allegations.

30.     Ericsson Inc. denies the allegations of paragraph 30 as they relate to Ericsson Inc. Ericsson Inc. is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 30 of the Complaint and therefore denies those allegations.

## COUNT III

31.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and therefore denies the allegations in that paragraph.

32.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and therefore denies the allegations in that paragraph.

33.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and therefore denies the allegations in that paragraph.

34.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore denies the allegations in that paragraph.

35.     Ericsson Inc. admits that it sells and offers for sale the RBS-3000, RBS-6000, W30 and W35 products.  Ericsson Inc. admits that it has sold and/or offered for sale certain products that are compliant with portions of the 3GPP standard.  Ericsson Inc. is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint and therefore denies those allegations.

36.     Responding to the allegations in paragraph 36 of the Complaint, Ericsson Inc. admits that it has sold and/or offered for sale certain products that support portions of the 3GPP standard.  Ericsson Inc. denies the remaining allegations in paragraph 36.

37.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 37 of the Complaint as written and therefore denies the allegations in that paragraph.

38.     Ericsson Inc. denies the allegations of paragraph 38 of the Complaint.

39.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 39 of the Complaint and therefore denies the allegations in that paragraph.

40.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and therefore denies the allegations in that paragraph.

41.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 41 of the Complaint and therefore denies the allegations in that paragraph.

42.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 42 of the Complaint and therefore denies the allegations in that paragraph.

43.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and therefore denies the allegations in that paragraph.

44.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and therefore denies the allegations in that paragraph.

45.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and therefore denies the allegations in that paragraph.

46.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and therefore denies the allegations in that paragraph.

47.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and therefore denies the allegations in that paragraph.

48.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and therefore denies the allegations in that paragraph.

49.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and therefore denies the allegations in that paragraph.

50.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 50 of the Complaint and therefore denies the allegations in that paragraph.

51.     Ericsson Inc. denies the allegations of paragraph 51 as they relate to Ericsson Inc. Ericsson Inc. is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 51 of the Complaint and therefore denies those allegations.

52.     Ericsson Inc. denies the allegations of paragraph 52 as they relate to Ericsson Inc. Ericsson Inc. is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 52 of the Complaint and therefore denies those allegations.

53.     Ericsson Inc. denies the allegations of paragraph 53 as they relate to Ericsson Inc. Ericsson Inc. is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 53 of the Complaint and therefore denies those allegations.

COUNT IV

54.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 54 of the Complaint and therefore denies the allegations in that paragraph.

55.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 55 of the Complaint and therefore denies the allegations in that paragraph.

56.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 56 of the Complaint and therefore denies the allegations in that paragraph.

57.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 57 of the Complaint and therefore denies the allegations in that paragraph.

58.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 58 of the Complaint and therefore denies the allegations in that paragraph.

59.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 59 of the Complaint and therefore denies the allegations in that paragraph.

60.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 60 of the Complaint and therefore denies the allegations in that paragraph.

61.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 61 of the Complaint and therefore denies the allegations in that paragraph.

62.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 62 of the Complaint and therefore denies the allegations in that paragraph.

63.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 63 of the Complaint and therefore denies the allegations in that paragraph.

64.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 64 of the Complaint and therefore denies the allegations in that paragraph.

65.     Ericsson Inc. is without sufficient information to form a belief as to the truth of the allegations in paragraph 65 of the Complaint and therefore denies the allegations in that paragraph.

66.     Ericsson Inc. denies the allegations of paragraph 66 as they relate to Ericsson Inc. Ericsson Inc. is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 66 of the Complaint and therefore denies those allegations.

67.     Ericsson Inc. denies the allegations of paragraph 67 as they relate to Ericsson Inc. Ericsson Inc. is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 67 of the Complaint and therefore denies those allegations.

68.     Ericsson Inc. denies the allegations of paragraph 68 as they relate to Ericsson Inc. Ericsson Inc. is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 68 of the Complaint and therefore denies those allegations.

PRAYER FOR RELIEF

69.     Ericsson Inc. denies that Plaintiff is entitled to any relief requested in the Complaint's "Prayer for Relief."

AFFIRMATIVE DEFENSES

FIRST DEFENSE – NON-INFRINGEMENT

70.     Ericsson Inc. has not infringed and does not infringe any valid claim of United States Patent No. 6,088,326 ("the '326 patent").   Nor has Ericsson Inc. actively induced infringement of or contributorily infringed any valid claim of the '326 patent.

11

71.     Ericsson Inc. has not infringed and does not infringe any valid claim of United States Patent No. 6,195,327 ("the '327 patent").   Nor has Ericsson Inc. actively induced infringement of or contributorily infringed any valid claim of the '327 patent.

72.     Ericsson Inc. has not infringed and does not infringe any valid claim of United States Patent No. 6,222,819 ("the '819 patent").   Nor has Ericsson Inc. actively induced infringement of or contributorily infringed any valid claim of the '819 patent.

73.     Ericsson Inc. has not infringed and does not infringe any valid claim of United States Patent No. 6,381,211 ("the '211 patent").   Nor has Ericsson Inc. actively induced infringement of or contributorily infringed any valid claim of the '211 patent.

## SECOND DEFENSE - INVALIDITY

74.     The '326 patent is partially or wholly invalid for failure to meet the requirements of 35 U.S.C. §§ 1 *et seq*., including, but not limited to 35 U.S.C. §§ 102, 103, and 112.

75.     The '327 patent is partially or wholly invalid for failure to meet the requirements of 35 U.S.C. §§ 1 *et seq*., including, but not limited to 35 U.S.C. §§ 102, 103, and 112.

76.     The '819 patent is partially or wholly invalid for failure to meet the requirements of 35 U.S.C. §§ 1 *et seq*., including, but not limited to 35 U.S.C. §§ 102, 103, and 112.

77.     The '211 patent is partially or wholly invalid for failure to meet the requirements of 35 U.S.C. §§ 1 *et seq*., including, but not limited to 35 U.S.C. §§ 102, 103, and 112.

## THIRD DEFENSE – PROSECUTION HISTORY ESTOPPEL

78.     Plaintiff is estopped from construing any valid claim of the '326 patent to cover or include, either literally or by application of the doctrine of equivalents, any product manufactured, used, imported, sold, or offered by Ericsson Inc. because of admissions and

statements to the United States Patent and Trademark Office in the specification of the '326 patent and during prosecution of the application leading to the issuance of the '326 patent.

79.     Plaintiff is estopped from construing any valid claim of the '327 patent to cover or include, either literally or by application of the doctrine of equivalents, any product manufactured, used, imported, sold, or offered by Ericsson Inc. because of admissions and statements to the United States Patent and Trademark Office in the specification of the '327 patent and during prosecution of the application leading to the issuance of the '327 patent.

80.     Plaintiff is estopped from construing any valid claim of the '819 patent to cover or include, either literally or by application of the doctrine of equivalents, any product manufactured, used, imported, sold, or offered by Ericsson Inc. because of admissions and statements to the United States Patent and Trademark Office in the specification of the '819 patent and during prosecution of the application leading to the issuance of the '819 patent.

81.     Plaintiff is estopped from construing any valid claim of the '211 patent to cover or include, either literally or by application of the doctrine of equivalents, any product manufactured, used, imported, sold, or offered by Ericsson Inc. because of admissions and statements to the United States Patent and Trademark Office in the specification of the '211 patent and during prosecution of the application leading to the issuance of the '211 patent.

### FOURTH DEFENSE – NO IRREPARABLE HARM

82.     Plaintiff is not entitled to injunctive relief because any alleged injury to the Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

### FIFTH DEFENSE –FAILURE TO STATE A CLAIM

83.     Plaintiff has failed to state a claim upon which relief can be granted.

### SIXTH DEFENSE –LIMITATION ON DAMAGES

84.     Plaintiff is not entitled to seek damages from Ericsson Inc. prior to October 5, 2010, in accordance with the Patent and Conflict Resolution Agreement between Plaintiff and Telefonaktiebolaget LM Ericsson (the "Conflict Resolution Agreement").

### SEVENTH DEFENSE –LACHES

85.     Plaintiff's claims are barred by the doctrine of laches.

### EIGHTH DEFENSE – ESTOPPEL

86.     Plaintiff is estopped from construing any valid claim of the '326 patent to cover or include, either literally or by application of the doctrine of equivalents, certain products manufactured, used, imported, sold, or offered by Ericsson Inc. because of the Conflict Resolution Agreement.

87.     Plaintiff is estopped from construing any valid claim of the '327 patent to cover or include, either literally or by application of the doctrine of equivalents, certain products manufactured, used, imported, sold, or offered by Ericsson Inc. because of the Conflict Resolution Agreement.

88.     Plaintiff is estopped from construing any valid claim of the '819 patent to cover or include, either literally or by application of the doctrine of equivalents, certain products manufactured, used, imported, sold, or offered by Ericsson Inc. because of the Conflict Resolution Agreement.

89.     Plaintiff is estopped from construing any valid claim of the '211 patent to cover or include, either literally or by application of the doctrine of equivalents, certain products manufactured, used, imported, sold, or offered by Ericsson Inc. because of the Conflict Resolution Agreement.

### NINTH DEFENSE – COVENANT NOT TO SUE

90.     Plaintiff is barred from maintaining this action and from recovering on its claims against Ericsson Inc. because of Wi-LAN's Covenant Not to Sue, which is expressly set forth in Article III of the Conflict Resolution Agreement.

### OTHER DEFENSES

91.     Ericsson Inc. reserves the right to assert additional affirmative defenses after appropriate discovery.

### ERICSSON INC.'S COUNTERCLAIMS

1.     Ericsson Inc. is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

2.     On information and belief, Wi-LAN Inc. ("Wi-LAN") is a corporation organized under the laws of Canada with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada.

3.     This Court has subject-matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202, as they arise under an act of Congress relating to patents, 35 U.S.C. §§ 101 *et seq.*, or are so related to the claims over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

### BREACH OF CONTRACT

4.     In February 2008, Plaintiff and Telefonaktiebolaget LM Ericsson entered into a valid and enforceable Patent and Conflict Resolution Agreement that has an effective date of November 1, 2007.

5.      Plaintiffs' assertions of infringement in its Complaint are a knowing and willful breach of the Conflict Resolution Agreement.

6.      Ericsson Inc. fully performed all of its duties under the Conflict Resolution Agreement, and all conditions precedent to Ericsson Inc.'s recovery have occurred.

7.      Plaintiff's breaches have damaged Ericsson Inc., entitling it to recover actual damages, including but not limited to its attorneys' fees, costs and expenses incurred in defending this action.

### NON-INFRINGEMENT AND INVALIDITY OF THE '326 PATENT

8.      The '326 patent was issued on July 11, 2000 by the United States Patent & Trademark Office.  Plaintiff claims to own all rights in and to the '326 patent.

9.      Plaintiff has asserted that Ericsson Inc. infringes the '326 patent.  An actual controversy exists between Plaintiff and Ericsson Inc. over the alleged infringement and invalidity of the '326 patent.

10.     Ericsson Inc. has not and does not directly or indirectly infringe, contribute to, or induce infringement of any valid, enforceable claim of the '326 patent either literally or under the doctrine of equivalents.

11.     The '326 patent is invalid for failing to meet one or more conditions of patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

### NON-INFRINGEMENT AND INVALIDITY OF THE '327 PATENT

12.     The '327 patent was issued on February 27, 2001 by the United States Patent & Trademark Office.  Plaintiff claims to own all rights in and to the '327 patent.

16

13.     Plaintiff has asserted that Ericsson Inc. infringes the '327 patent.  An actual controversy exists between Plaintiff and Ericsson Inc. over the alleged infringement and invalidity of the '327 patent.

14.     Ericsson Inc. has not and does not directly or indirectly infringe, contribute to, or induce infringement of any valid, enforceable claim of the '327 patent either literally or under the doctrine of equivalents.

15.     The '327 patent is invalid for failing to meet one or more conditions of patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

NON-INFRINGEMENT AND INVALIDITY OF THE '819 PATENT

16.     The '819 patent was issued on April 24, 2001 by the United States Patent & Trademark Office.  Plaintiff claims to own all rights in and to the '819 patent.

17.     Plaintiff has asserted that Ericsson Inc. infringes the '819 patent.  An actual controversy exists between Plaintiff and Ericsson Inc. over the alleged infringement and invalidity of the '819 patent.

18.     Ericsson Inc. has not and does not directly or indirectly infringe, contribute to, or induce infringement of any valid, enforceable claim of the '819 patent either literally or under the doctrine of equivalents.

19.     The '819 patent is invalid for failing to meet one or more conditions of patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

**NON-INFRINGEMENT AND INVALIDITY OF THE '211 PATENT**

20.     The '211 patent was issued on April 30, 2002 by the United States Patent & Trademark Office.  Plaintiff claims to own all rights in and to the '211 patent.

21.     Plaintiff has asserted that Ericsson Inc. infringes the '211 patent.  An actual controversy exists between Plaintiff and Ericsson Inc. over the alleged infringement and invalidity of the '211 patent.

22.     Ericsson Inc. has not and does not directly or indirectly infringe, contribute to, or induce infringement of any valid, enforceable claim of the '211 patent either literally or under the doctrine of equivalents.

23.     The '211 patent is invalid for failing to meet one or more conditions of patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and 112.

**DEMAND FOR JURY TRIAL**

Ericsson Inc. demands a trial by jury on all counterclaims and issues triable by jury.

**PRAYER FOR RELIEF**

FOR THESE REASONS, Ericsson Inc. respectfully requests that this Court enter judgment in its favor and grant the following relief:

a.     An order awarding SEUS its actual damages caused by Plaintiff's breach of the Conflict Resolution Agreement;

b.     An order finding that Plaintiff's breach was knowing and willful;

c.     An order enjoining Plaintiff from continued assertion of claims in breach of the Conflict Resolution Agreement;

d.     An order declaring that Plaintiff, its officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with it, take nothing on the claims asserted in the Complaint;

e.     A declaration that Ericsson Inc. does not infringe the '326 patent;

f.     A declaration that the '326 patent is invalid;

g.     A declaration that Ericsson Inc. does not infringe the '327 patent;

h.     A declaration that the '327 patent is invalid;

i.     A declaration that Ericsson Inc. does not infringe the '819 patent;

j.     A declaration that the '819 patent is invalid;

k.     A declaration that Ericsson Inc. does not infringe the '211 patent;

l.     A declaration that the '211 patent is invalid;

m.     An order declaring that this is an exceptional case and awarding Ericsson Inc. its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law, including all such laws governing contracts in the State of New York; and

n.     Any such other relief as the Court may deem appropriate and just under the circumstances.

Dated:  September 2, 2011                  Respectfully submitted,


                                           /s/  Richard L. Wynne, Jr.
                                           Bruce S. Sostek (Lead Attorney)
                                              State Bar No. 18855700
                                              Bruce.Sostek@tklaw.com
                                           Richard L. Wynne, Jr.
                                              State Bar No. 24003214
                                              Richard.Wynne@tklaw.com
                                           Matthew P. Harper
                                              State Bar No. 24037777
                                              Matt.Harper@tklaw.com

                                           THOMPSON & KNIGHT LLP
                                           1722 Routh St., Suite 1500
                                           Dallas, Texas 75201
                                           214.969.1700
                                           214.969.1751 (facsimile)

                                           ATTORNEYS FOR DEFENDANT ERICSSON INC.



                          **CERTIFICATE OF SERVICE**


        On September 2, 2011, true and correct copies of the foregoing document were served in
compliance with Local Rule 5.1 and have been served on all counsel who have consented to
electronic service and all other counsel by regular mail.


                                           /s/  Richard L. Wynne, Jr.
                                           Richard L. Wynne, Jr.


2779600.1