IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| WI–LAN INC., <br><br> Plaintiff, <br><br> v. <br><br> ALCATEL–LUCENT USA INC., *et al.*, <br><br> Defendants. | CIVIL ACTION NO. 6:10–CV–521–LED |

**TELEFONAKTIEBOLAGET LM ERICSSON'S FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT, AND TELEFONAKTIEBOLAGET LM ERICSSON'S COUNTERCLAIMS AGAINST PLAINTIFF**

Defendant Telefonaktiebolaget LM Ericsson ("LME") files this First Amended Answer to Plaintiff's Original Complaint ("Complaint") filed on October 5, 2010, by Plaintiff, Wi-LAN Inc. ("Plaintiff"), and alleges as follows:

**PARTIES**

1. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore denies the allegations in that paragraph.

2. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies the allegations in that paragraph.

3. LME admits that it is a Swedish corporation with a principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden. LME further admits that Ericsson Inc. is

an indirect subsidiary of LME with a principal place of business at 6300 Legacy Drive, Plano, Texas 75024.  LME admits that it manufactures and distributes products that are compliant with portions of the 3GPP standard.  LME is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint and therefore denies those allegations.

4. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies the allegations in that paragraph.

5. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore denies the allegations in that paragraph.

6. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and therefore denies the allegations in that paragraph.

### JURISDICTION AND VENUE

7. LME admits that this purports to be an action for patent infringement under the Patent Laws of the United States.

8. LME admits the allegations in paragraph 8 of the Complaint.

9. Responding to the allegations in paragraph 9 of the Complaint, LME does not contest that venue is proper in this action, but LME denies that venue is convenient in this forum.

### THE PATENTS-IN-SUIT

10.     LME admits that Exhibit A to the Complaint appears to be a copy of U.S. Patent No. 6,088,326, entitled "Processing Data Transmitted and Received over a Wireless Link Connecting a Central Terminal and a Subscriber Terminal of a Wireless Telecommunications System." LME is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint and therefore denies those allegations.

11.     LME admits that Exhibit B to the Complaint appears to be a copy of U.S. Patent No. 6,195,327, entitled "Controlling Interference in a Cell of a Wireless Telecommunication System." LME is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint and therefore denies those allegations.

12.     LME admits that Exhibit C to the Complaint appears to be a copy of U.S. Patent No. 6,222,819, entitled "Processing Data Transmitted and Received Over a Wireless Link Connecting a Central Terminal and a Subscriber Terminal of a Wireless Telecommunications System." LME is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint and therefore denies those allegations.

13.     LME admits that Exhibit D to the Complaint appears to be a copy of U.S. Patent No. 6,381,211, entitled "Processing Data Transmitted and Received Over a Wireless Link Connecting a Central Terminal and a Subscriber Terminal of a Wireless Telecommunications System." LME is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint and therefore denies those allegations.

14.     LME denies the allegations in paragraph 14 of the Complaint.

## COUNT I

15. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore denies the allegations in that paragraph.

16. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies the allegations in that paragraph.

17. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore denies the allegations in that paragraph.

18. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore denies the allegations in that paragraph.

19. LME admits that it manufactures and distributes the RBS-3000, RBS-6000, W30 and W35 products. LME admits that it has manufactured and/or distributed certain products that are compliant with portions of the 3GPP standard. LME is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint and therefore denies those allegations.

20. Responding to the allegations in paragraph 20 of the Complaint, LME admits that it has manufactured and/or distributed certain products that support portions of the 3GPP standard. LME denies the remaining allegations in paragraph 20.

21. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 21 of the Complaint as written and therefore denies the allegations in that paragraph.

22. LME denies the allegations of paragraph 22.

23. LME denies the allegations of paragraph 23 as they relate to LME. LME is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint and therefore denies those allegations.

24. LME denies the allegations of paragraph 24 as they relate to LME. LME is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint and therefore denies those allegations.

25. LME denies the allegations of paragraph 25 as they relate to LME. LME is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint and therefore denies those allegations.

## COUNT II

26. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and therefore denies the allegations in that paragraph.

27. LME admits that it manufactures and distributes the RBS-3000, RBS-6000, W30 and W35 products. LME admits that it has manufactured and/or distributed certain products that are compliant with portions of the 3GPP standard. LME denies the remaining allegations of paragraph 27 of the Complaint.

28. LME denies the allegations of paragraph 28 as they relate to LME. LME is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint and therefore denies those allegations.

29. LME denies the allegations of paragraph 29 as they relate to LME. LME is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 29 of the Complaint and therefore denies those allegations.

30. LME denies the allegations of paragraph 30 as they relate to LME. LME is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 30 of the Complaint and therefore denies those allegations.

## COUNT III

31. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and therefore denies the allegations in that paragraph.

32. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and therefore denies the allegations in that paragraph.

33. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and therefore denies the allegations in that paragraph.

34. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore denies the allegations in that paragraph.

35. LME admits that it manufactures and distributes the RBS-3000, RBS-6000, W30 and W35 products. LME admits that it has manufactured and/or distributed certain products that are compliant with portions of the 3GPP standard. LME is without sufficient information to

form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint and therefore denies those allegations.

36. Responding to the allegations in paragraph 36 of the Complaint, LME admits that it has manufactured and/or distributed certain products that support portions of the 3GPP standard. LME denies the remaining allegations in paragraph 36.

37. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 37 of the Complaint as written and therefore denies the allegations in that paragraph.

38. LME denies the allegations of paragraph 38 of the Complaint.

39. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 39 of the Complaint and therefore denies the allegations in that paragraph.

40. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and therefore denies the allegations in that paragraph.

41. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 41 of the Complaint and therefore denies the allegations in that paragraph.

42. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 42 of the Complaint and therefore denies the allegations in that paragraph.

43. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and therefore denies the allegations in that paragraph.

44. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and therefore denies the allegations in that paragraph.

45. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and therefore denies the allegations in that paragraph.

46. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and therefore denies the allegations in that paragraph.

47. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and therefore denies the allegations in that paragraph.

48. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and therefore denies the allegations in that paragraph.

49. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and therefore denies the allegations in that paragraph.

50. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 50 of the Complaint and therefore denies the allegations in that paragraph.

51. LME denies the allegations of paragraph 51 as they relate to LME. LME is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 51 of the Complaint and therefore denies those allegations.

52. LME denies the allegations of paragraph 52 as they relate to LME. LME is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 52 of the Complaint and therefore denies those allegations.

53. LME denies the allegations of paragraph 53 as they relate to LME. LME is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 53 of the Complaint and therefore denies those allegations.

## COUNT IV

54. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 54 of the Complaint and therefore denies the allegations in that paragraph.

55. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 55 of the Complaint and therefore denies the allegations in that paragraph.

56. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 56 of the Complaint and therefore denies the allegations in that paragraph.

57.   LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 57 of the Complaint and therefore denies the allegations in that paragraph.

58.   LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 58 of the Complaint and therefore denies the allegations in that paragraph.

59.   LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 59 of the Complaint and therefore denies the allegations in that paragraph.

60.   LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 60 of the Complaint and therefore denies the allegations in that paragraph.

61.   LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 61 of the Complaint and therefore denies the allegations in that paragraph.

62.   LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 62 of the Complaint and therefore denies the allegations in that paragraph.

63.   LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 63 of the Complaint and therefore denies the allegations in that paragraph.

64. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 64 of the Complaint and therefore denies the allegations in that paragraph.

65. LME is without sufficient information to form a belief as to the truth of the allegations in paragraph 65 of the Complaint and therefore denies the allegations in that paragraph.

66. LME denies the allegations of paragraph 66 as they relate to LME. LME is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 66 of the Complaint and therefore denies those allegations.

67. LME denies the allegations of paragraph 67 as they relate to LME. LME is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 67 of the Complaint and therefore denies those allegations.

68. LME denies the allegations of paragraph 68 as they relate to LME. LME is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 68 of the Complaint and therefore denies those allegations.

PRAYER FOR RELIEF

69. LME denies that Plaintiff is entitled to any relief requested in the Complaint's "Prayer for Relief."

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE – NON-INFRINGEMENT

70. LME has not infringed and does not infringe any valid claim of United States Patent No. 6,088,326 ("the '326 patent"). Nor has LME actively induced infringement of or contributorily infringed any valid claim of the '326 patent.

71. LME has not infringed and does not infringe any valid claim of United States Patent No. 6,195,327 ("the '327 patent"). Nor has LME actively induced infringement of or contributorily infringed any valid claim of the '327 patent.

72. LME has not infringed and does not infringe any valid claim of United States Patent No. 6,222,819 ("the '819 patent"). Nor has LME actively induced infringement of or contributorily infringed any valid claim of the '819 patent.

73. LME has not infringed and does not infringe any valid claim of United States Patent No. 6,381,211 ("the '211 patent"). Nor has LME actively induced infringement of or contributorily infringed any valid claim of the '211 patent.

### SECOND DEFENSE - INVALIDITY

74. The '326 patent is partially or wholly invalid for failure to meet the requirements of 35 U.S.C. §§ 1 *et seq.*, including, but not limited to 35 U.S.C. §§ 102, 103, and 112.

75. The '327 patent is partially or wholly invalid for failure to meet the requirements of 35 U.S.C. §§ 1 *et seq.*, including, but not limited to 35 U.S.C. §§ 102, 103, and 112.

76. The '819 patent is partially or wholly invalid for failure to meet the requirements of 35 U.S.C. §§ 1 *et seq.*, including, but not limited to 35 U.S.C. §§ 102, 103, and 112.

77. The '211 patent is partially or wholly invalid for failure to meet the requirements of 35 U.S.C. §§ 1 *et seq.*, including, but not limited to 35 U.S.C. §§ 102, 103, and 112.

### THIRD DEFENSE – PROSECUTION HISTORY ESTOPPEL

78. Plaintiff is estopped from construing any valid claim of the '326 patent to cover or include, either literally or by application of the doctrine of equivalents, any product manufactured, used, imported, sold, or offered for sale by LME because of admissions and statements to the United States Patent and Trademark Office in the specification of the '326 patent and during prosecution of the application leading to the issuance of the '326 patent.

79. Plaintiff is estopped from construing any valid claim of the '327 patent to cover or include, either literally or by application of the doctrine of equivalents, any product manufactured, used, imported, sold, or offered for sale by LME because of admissions and statements to the United States Patent and Trademark Office in the specification of the '327 patent and during prosecution of the application leading to the issuance of the '327 patent.

80. Plaintiff is estopped from construing any valid claim of the '819 patent to cover or include, either literally or by application of the doctrine of equivalents, any product manufactured, used, imported, sold, or offered for sale by LME because of admissions and statements to the United States Patent and Trademark Office in the specification of the '819 patent and during prosecution of the application leading to the issuance of the '819 patent.

81. Plaintiff is estopped from construing any valid claim of the '211 patent to cover or include, either literally or by application of the doctrine of equivalents, any product manufactured, used, imported, sold, or offered for sale by LME because of admissions and statements to the United States Patent and Trademark Office in the specification of the '211 patent and during prosecution of the application leading to the issuance of the '211 patent.

#### FOURTH DEFENSE – NO IRREPARABLE HARM

82. Plaintiff is not entitled to injunctive relief because any alleged injury to the Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

#### FIFTH DEFENSE – FAILURE TO STATE A CLAIM

83. Plaintiff has failed to state a claim upon which relief can be granted.

#### SIXTH DEFENSE – LIMITATION ON DAMAGES

84. Plaintiff is not entitled to seek damages from LME prior to October 5, 2010, in accordance with the Patent and Conflict Resolution Agreement between Plaintiff and LME (the "Conflict Resolution Agreement").

#### SEVENTH DEFENSE – LACHES

85. Plaintiff's claims are barred by the doctrine of laches.

#### EIGHTH DEFENSE – ESTOPPEL

86. Plaintiff is estopped from construing any valid claim of the '326 patent to cover or include, either literally or by application of the doctrine of equivalents, certain products manufactured, used, imported, sold, or offered for sale by LME because of the Conflict Resolution Agreement.

87. Plaintiff is estopped from construing any valid claim of the '327 patent to cover or include, either literally or by application of the doctrine of equivalents, certain products manufactured, used, imported, sold, or offered for sale by LME because of the Conflict Resolution Agreement.

88. Plaintiff is estopped from construing any valid claim of the '819 patent to cover or include, either literally or by application of the doctrine of equivalents, certain products

manufactured, used, imported, sold, or offered for sale by LME because of the Conflict Resolution Agreement.

89. Plaintiff is estopped from construing any valid claim of the '211 patent to cover or include, either literally or by application of the doctrine of equivalents, certain products manufactured, used, imported, sold, or offered for sale by LME because of the Conflict Resolution Agreement.

### NINTH DEFENSE – COVENANT NOT TO SUE

90. Plaintiff is barred from maintaining this action and from recovering on its claims against LME because of Wi-LAN's Covenant Not to Sue, which is expressly set forth in Article III of the Conflict Resolution Agreement.

### OTHER DEFENSES

91. LME reserves the right to assert additional affirmative defenses after appropriate discovery.

### LME'S COUNTERCLAIMS

1. LME is a Swedish corporation with a principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden.

2. On information and belief, Wi-LAN Inc. ("Wi-LAN") is a corporation organized under the laws of Canada with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada.

3. This Court has subject-matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202, as they arise under an act of Congress relating to patents, 35 U.S.C. §§ 101 *et seq.*, or are so related to the claims over which this Court has

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**BREACH OF CONTRACT**

4. In February 2008, Plaintiff and LME entered into a valid and enforceable Patent and Conflict Resolution Agreement that has an effective date of November 1, 2007.

5. Plaintiffs' assertions of infringement in its Complaint are a knowing and willful breach of the Conflict Resolution Agreement.

6. LME fully performed all of its duties under the Conflict Resolution Agreement, and all conditions precedent to LME's recovery have occurred.

7. Plaintiff's breaches have damaged LME, entitling it to recover actual damages, including but not limited to its attorneys' fees, costs and expenses incurred in defending this action.

**NON-INFRINGEMENT AND INVALIDITY OF THE '326 PATENT**

8. The '326 patent was issued on July 11, 2000 by the United States Patent & Trademark Office. Plaintiff claims to own all rights in and to the '326 patent.

9. Plaintiff has asserted that LME infringes the '326 patent. An actual controversy exists between Plaintiff and LME over the alleged infringement and invalidity of the '326 patent.

10. LME has not and does not directly or indirectly infringe, contribute to, or induce infringement of any valid, enforceable claim of the '326 patent either literally or under the doctrine of equivalents.

11. The '326 patent is invalid for failing to meet one or more conditions of patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

**NON-INFRINGEMENT AND INVALIDITY OF THE '327 PATENT**

12. The '327 patent was issued on February 27, 2001 by the United States Patent & Trademark Office. Plaintiff claims to own all rights in and to the '327 patent.

13. Plaintiff has asserted that LME infringes the '327 patent. An actual controversy exists between Plaintiff and LME over the alleged infringement and invalidity of the '327 patent.

14. LME has not and does not directly or indirectly infringe, contribute to, or induce infringement of any valid, enforceable claim of the '327 patent either literally or under the doctrine of equivalents.

15. The '327 patent is invalid for failing to meet one or more conditions of patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

**NON-INFRINGEMENT AND INVALIDITY OF THE '819 PATENT**

16. The '819 patent was issued on April 24, 2001 by the United States Patent & Trademark Office. Plaintiff claims to own all rights in and to the '819 patent.

17. Plaintiff has asserted that LME infringes the '819 patent. An actual controversy exists between Plaintiff and LME over the alleged infringement and invalidity of the '819 patent.

18. LME has not and does not directly or indirectly infringe, contribute to, or induce infringement of any valid, enforceable claim of the '819 patent either literally or under the doctrine of equivalents.

19. The '819 patent is invalid for failing to meet one or more conditions of patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

### NON-INFRINGEMENT AND INVALIDITY OF THE '211 PATENT

20. The '211 patent was issued on April 30, 2002 by the United States Patent & Trademark Office. Plaintiff claims to own all rights in and to the '211 patent.

21. Plaintiff has asserted that LME infringes the '211 patent. An actual controversy exists between Plaintiff and LME over the alleged infringement and invalidity of the '211 patent.

22. LME has not and does not directly or indirectly infringe, contribute to, or induce infringement of any valid, enforceable claim of the '211 patent either literally or under the doctrine of equivalents.

23. The '211 patent is invalid for failing to meet one or more conditions of patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and 112.

### DEMAND FOR JURY TRIAL

LME demands a trial by jury on all counterclaims and issues triable by jury.

### PRAYER FOR RELIEF

FOR THESE REASONS, LME respectfully requests that this Court enter judgment in its favor and grant the following relief:

    a. An order awarding LME its actual damages caused by Plaintiff's breach of the Conflict Resolution Agreement;

    b. An order finding that Plaintiff's breach was knowing and willful;

    c. An order enjoining Plaintiff from continued assertion of claims in breach of the Conflict Resolution Agreement;

d. An order declaring that Plaintiff, its officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with it, take nothing on the claims asserted in the Complaint;

e. A declaration that LME does not infringe the '326 patent;

f. A declaration that the '326 patent is invalid;

g. A declaration that LME does not infringe the '327 patent;

h. A declaration that the '327 patent is invalid;

i. A declaration that LME does not infringe the '819 patent;

j. A declaration that the '819 patent is invalid;

k. A declaration that LME does not infringe the '211 patent;

l. A declaration that the '211 patent is invalid;

m. An order declaring that this is an exceptional case and awarding LME its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law, including all such laws governing contracts in the State of New York; and

n. Any such other relief as the Court may deem appropriate and just under the circumstances.

Dated: September 2, 2011 Respectfully submitted,

/s/ Richard L. Wynne, Jr.
Bruce S. Sostek (Lead Attorney)
  State Bar No. 18855700
  Bruce.Sostek@tklaw.com
Richard L. Wynne, Jr.
  State Bar No. 24003214
  Richard.Wynne@tklaw.com
Matthew P. Harper
  State Bar No. 24037777
  Matt.Harper@tklaw.com

THOMPSON & KNIGHT LLP
1722 Routh St., Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (facsimile)

ATTORNEYS FOR DEFENDANT
TELEFONAKTIEBOLAGET LM ERICSSON

## CERTIFICATE OF SERVICE

On September 2, 2011, true and correct copies of the foregoing document were served in compliance with Local Rule 5.1 and have been served on all counsel who have consented to electronic service and all other counsel by regular mail.

/s/ Richard L. Wynne, Jr.
Richard L. Wynne, Jr.

2779563.1