# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| WI-LAN INC., | § § § | |
| Plaintiff, | § § § | |
| vs. | § | CASE NO. 6:10-CV-521 |
| ALCATEL-LUCENT USA INC., ET AL., | § § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants HTC Corporation, HTC America, Inc., and Exedea Inc.'s (collectively, "HTC") Motion to Sever (Docket No. 306). After considering the briefing and oral argument, the Court **GRANTS** the motion.

## BACKGROUND

Wi-Lan initially brought this pre-AIA suit against eleven defendants. Four defendant groups remain: (1) the HTC Defendants; (2) Alcatel-Lucent USA, Inc.; (3) the Ericsson Defendants[1]; and (4) the Sony Defendants[2]. HTC filed a first motion to sever and transfer on January 26, 2011. Docket No. 72. The Court denied the motion. Docket No. 128. On February 4, 2013, HTC filed this motion, again asking the Court to sever it. Docket No. 306. In the current motion, HTC points out that since the Court's prior ruling, the Federal Circuit has decided *In re EMC*. 677 F.3d 1351, 1359 (Fed. Cir. 2012). Thus, the Court construes this as a Motion to Reconsider HTC's Motion to Sever in light of *In re EMC*.[3]

---

[1] Including Telefonaktiebolaget LM Ericsson and Ericsson, Inc.
[2] Including Sony Mobile Communications AB and Sony Mobile Communications (USA), Inc.
[3] HTC further asks for a separate trial in its motion. The Court will address the trial plan in a separate opinion.

## APPLICABLE LAW

Defendants may be joined in one action "if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a)(2). The Federal Circuit recently clarified that, in patent cases, "joinder is not appropriate where different products and processes are involved." *In re EMC Corp.*, 677 F.3d at 1359. "Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are coincidentally identical." *Id*. The "mere fact that infringement of the same claims of the same patent is alleged does not support joinder, even though the claims would raise common questions of claim construction and patent invalidity." *Id*. at 1357.

However, the Federal Circuit also made clear *In re EMC* is not an absolute bar to joinder. Rather, "the fact that the defendants are independent actors does not preclude joinder as long as their actions are part of the 'same transaction, occurrence, or series of transactions or occurrences.'" *In re EMC*, 677 F.3d at 1356. The "transaction or occurrence" test is applied on a case-by-case basis "based on a flexib[le] . . . standard [that] enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20." *Id*.

## ANALYSIS

HTC argues it is entitled to severance because common questions of fact and law are missing between all Defendants. *EMC* requires both: (1) products or processes that are the same in respects relevant to the patent; and (2) an "actual link between the facts underlying each claim

of infringement." *Id.; see also Negotiated Data Solutions v. Apple, Inc.,* 2012 U.S. Dist. LEXIS 174839, *6 (E.D. Tex. Dec. 2012) (Gilstrap, J.).

HTC argues that the parties' accused products—base stations and cell phones—are different.[4] Though there are two different categories of products, as the Court has previously noted, both of categories are involved in wireless data transmission and are tightly interrelated. *See* Docket No. 128. Both product types send and receive data via wireless communication protocols that comply with the 3GPP standard. Indeed, cell phones must typically communicate with base stations in order to communicate with other cell phones. "Even though the product types have general differences, their accused properties—specific communication methods—are tightly interrelated." *Id.* It is the method of communication that is the domain of the patents in suit.

However, commonality of accused products or processes is not enough. There must also be an "actual link" between the facts underlying each claim of infringement. "[I]ndependently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." *In re EMC*, 677 F.3d at 1359. Relevant factors in considering whether joinder is proper include: (1) the temporal proximity of alleged infringement; (2) the relationship among defendants; (3) the use of common components in the accused products; (4) licensing or technology agreements between defendants; (5) shared development and manufacturing; and (6) whether the damages sought are based on lost profits. *Id.* at 1359–60.

The "actual links" in this case are insufficient to satisfy this prong of the analysis. First, though infringement is ongoing as to all defendants and is thus occurring during the same time period, the hypothetical negotiation dates are significantly different. Second, some licenses exist

---

[4] HTC and Sony manufacture cell phones; Ericsson and Alcatel manufacture base stations.

between HTC and other defendants, but HTC asserts—and Wi-LAN does not dispute—that the licenses are unrelated to the technology at issue. The only factor that favors joinder is the fact that there is a common component in the accused products. Non-party Qualcomm supplies chips used by both HTC and Sony in most of their accused handsets. These chips include software that provides some of the functionality that is pertinent in establishing infringement. Docket No. 319. These identically sourced components are a link, but not a sufficient link to require joinder in light of *In re EMC*.

## CONCLUSION

For these reasons, HTC's Motion to Sever is **GRANTED**. The Clerk of the Court is **ORDERED** to sever HTC Corporation, HTC America, Inc., and Exedea, Inc. from the remaining Defendants in this case. Wi-LAN is **ORDERED** to pay the filing fee.

**So ORDERED and SIGNED this 18th day of March, 2013.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**