**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| WI-LAN INC., <br><br> Plaintiff, <br><br> v. <br><br> ALCATEL–LUCENT USA INC., *et al.*, <br><br> Defendants. | CIVIL ACTION NO. 6:10–CV–521–LED |

**JOINT MOTION OF WI-LAN INC. AND THE ERICSSON DEFENDANTS TO SEVER AND STAY
THE ERICSSON DEFENDANTS' LICENSE DEFENSE**

In this action, Defendants Telefonaktiebolaget LM Ericsson ("LME") and Ericsson Inc. (collectively, "Ericsson") have asserted as an affirmative defense that LME is licensed to the patents-in-suit and that Ericsson Inc. also benefits from that license as an Affiliate of LME.  This claimed defense arises from LME's acquisition of all shares of BelAir Networks, Inc. ("BelAir").  BelAir signed a license with Wi-LAN Inc. in December 2009 (the "BelAir Patent License").  Ericsson alleges that BelAir and LME signed an agreement transferring the BelAir Patent License to LME on October 23, 2012.

### STATEMENT OF THE ISSUE

Wi-LAN denies inter alia that the purported assignment of the BelAir Patent License to LME was valid and that Ericsson has obtained broad rights covering all its products under the BelAir Patent License.  The BelAir Patent License contains an arbitration provision for disputes arising under the agreement.  As such, a Notice of Arbitration and Statement of Claim has been filed in Ontario, Canada.  The parties agree that the questions of inter alia whether LME has any rights under the BelAir Patent License and whether that License covers the accused products in this suit must be determined in arbitration.

Ericsson contends that its rights under the BelAir Patent License would have a significant impact upon the issue of damages in this case, and thus, this issue cannot be simply severed without a mechanism to adjust any damages that may be awarded in this action for any alleged patent infringement by Ericsson.  Specifically, Ericsson contends that Wi-LAN's damages expert opined that as part of the hypothetical negotiation, Wi-LAN and Ericsson would have agreed to a fully paid up, lump-sum payment, for a license to the patents-in-suit for the time period beginning on the date the lawsuit was filed (October 5, 2010) through the expiration of the patents.  If LME did, in fact, obtain a valid license from BelAir covering the accused products,

Ericsson asserts that the license will be effective from the date of the license assignment through the expiration of the patents. Ericsson contends that because the patents-in-suit do not expire until November 2017, the unlicensed period (October 2010 to October 2012) represents only a small fraction of the damages period (October 2010 to November 2017) used by Wi-LAN's expert to arrive at his lump sum damages calculation for the life of the patents. Therefore, the resolution of whether the BelAir Patent License applies impacts only the total damages, if any, to be awarded. While expressly denying that injunctive relief would be appropriate, Ericsson further asserts that the applicability of the BelAir Patent License would also impact the availability of injunctive relief, if any, upon a finding of infringement of the patents-in-suit by Ericsson.

## **PROPOSED AGREED SOLUTION**

Because resolution of the above BelAir Patent License dispute impacts only the damages to be awarded in this matter and the availability of injunctive relief, the parties have conferred and reached an agreement on how to resolve the BelAir Patent License dispute regarding the issue of arbitration and damages. Without prejudice to any positions, motions, or arguments made in this action or the pending arbitration, and expressly reserving all rights to object to or otherwise appeal any jury or Court findings or judgments, Wi-LAN and Ericsson present their proposed agreement to the Court as follows:

1. That the Court sever Ericsson's license defense into a separate action for declaratory judgment that LME is licensed under the BelAir License;

2. That the Court stay that separate action pending resolution of the Canadian arbitration proceeding relating to the license issue;

3. In the event that following the jury trial in this action, (1) any patent-in-suit is

found valid and infringed by the accused Ericsson products, (2) the Court awards damages to Wi-LAN for infringement by Ericsson, and (3) the arbitration results in a determination that LME did obtain a valid license to the patents-in-suit covering the accused products, that the Court lift the stay of the severed action for further proceedings in accordance with the following paragraph;

4. Upon the lifting of the stay in the severed action upon satisfaction of all conditions in paragraph 3 above, the parties have agreed to submit to the Court, and expressly waive the right to a jury trial for, the issue of whether and how the damages awarded to Wi-LAN should be adjusted as a result of the arbitration determination.  In so doing, the parties acknowledge that the Court will retain jurisdiction over the severed action to order any such adjustment regardless of whether a final judgment has been entered in this action, and the parties stipulate that the severed action includes a separate and independent cause of action over which the Court will have jurisdiction notwithstanding the entry of any judgment in this action.

5. If any of the foregoing conditions in Paragraph 3 does not occur, then the Court should dismiss the severed action.

6. In the event that the Court deems it appropriate to grant an injunction against Ericsson following a jury trial of this action, such injunction shall be stayed pending resolution of the arbitration.

## CONCLUSION

For the reasons stated, Plaintiff Wi-LAN Inc. and Defendants Telefonaktiebolaget LM Ericsson and Ericsson Inc. respectfully request that the Court grant this Agreed Motion to Sever and Stay the Ericsson Defendants' License Defense in accordance with the agreed terms set forth herein.

| Respectfully submitted, | Respectfully submitted, |
|---|---|

/s/ *David B. Weaver*  /s/ *Richard L. Wynne, Jr.* (*by permission*)

David B. Weaver (TX Bar 00798576)
Lead Attorney
Avelyn M. Ross (TX Bar 24027817)
Ajeet P. Pai (TX Bar 24060376)
Syed K. Fareed (TX Bar 24065216)
Jeffrey T. Han (TX Bar 24069870)
Seth A. Lindner (TX Bar 24078862)
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746
Tel: (512) 542-8400
Fax: (512) 236-3476
dweaver@velaw.com
aross@velaw.com
apai@velaw.com
sfareed@velaw.com
jhan@velaw.com
slindner@velaw.com

Steve R. Borgman (TX Bar 02670300)
Gwendolyn Johnson Samora
   (TX Bar 00784899)
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760
Tel: (713) 758-2222
Fax: (713) 758-2346
sborgman@velaw.com
gsamora@velaw.com

**Local Counsel**
Johnny Ward (TX Bar 00794818)
Wesley Hill (TX Bar 24032294)
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, TX 75601
Tel: (903) 757-6400
Fax: (903) 757-2323
jw@jwfirm.com
wh@jwfirm.com

***Attorneys for Plaintiff Wi-LAN Inc.***

Bruce S. Sostek (TX Bar 18855700)
   Lead Attorney
   bruce.sostek@tklaw.com
Richard L. Wynne, Jr. (TX Bar 24003214)
   richard.wynne@tklaw.com
Adrienne E. Dominguez (TX Bar 00793630)
   adrienne.dominguez@tklaw.com
J. Michael Heinlen (TX Bar 24032287)
   michael.heinlen@tklaw.com
Timothy E. Hudson (TX Bar 24046120)
   tim.hudson@tklaw.com
Justin S. Cohen (TX Bar 24078356)
   justin.cohen@tklaw.com

THOMPSON & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Tel: (214) 969-1700
Fax: (214) 969-1751

**Local Counsel**
William J. Cornelius (TX Bar 04834700)
   wc@wilsonlawfirm.com
Jennifer Ainsworth (TX Bar 00784720)
   jainsworth@wilsonlawfirm.com

WILSON ROBERTSON & CORNELIUS PC
909 ESE Loop 323, Suite 400
P.O. Box 7339
Tyler, TX 75711-7339
Tel: (903) 509-5000
Fax: (903) 509-5092

ATTORNEYS FOR DEFENDANTS
TELEFONAKTIEBOLAGET LM ERICSSON and
ERICSSON INC.

– 5 –

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 29, 2013, counsel of record who are deemed to have consented to electronic service are being served with a copy of this document by electronic mail.

>*/s/David B. Weaver*
>David B. Weaver