**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| WI-LAN INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 6:10-cv-521-LED |
| | § | Civil Action No. 6:13-cv-252-LED |
| v. | § | CASES CONSOLIDATED FOR |
| | § | TRIAL |
| ALCATEL-LUCENT USA INC.; *et al.*, | § | |
| | § | JURY TRIAL DEMANDED |
| Defendants. | § | |
| | § | |

**PLAINTIFF WI-LAN INC.'S REPLY IN SUPPORT OF ITS MOTION FOR NEW TRIAL CONCERNING THE NON-INFRINGEMENT OF CERTAIN CLAIMS OF U.S. PATENT NOS. 6,088,326; 6,222,819; 6,195,327 AND 6,381,211**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    Defendants Distorted The Court's Claim Constructions ......................................................1

    A.    The Overlay Code Need Not Be Separate From The Orthogonal Code..................1

    B.    Defendants Improperly Imported Negative Claim Limitations ..............................3

    C.    Defendants Improperly Excluded Preferred Embodiments From The Claims ........3

II.    Defendants Imported Extraneous Limitations Into '327 Patent Claim 11.........................4

III.    The Court Has Authority to Grant A New Trial In This Case...........................................4

IV.    CONCLUSION.................................................................................................................5

# TABLE OF AUTHORITIES

**Page**

## Cases

*Edwards v. Sears, Roebuck and Co.*,
   512 F.2d 276 (5th Cir. 1975) ................................................................ 5

*Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*,
   540 F.3d 1337 (Fed. Cir. 2008) ............................................................ 1

*Int'l Rectifier Corp. v. IXYS Corp.*,
   361 F.3d 1363 (Fed. Cir. 2004) ............................................................ 4

*Koufakis v. Carvel*,
   425 F.2d 892 (2nd Cir. 1970) ............................................................... 5

*Markman v. Westview Instruments, Inc.*,
   52 F.3d 967 (Fed. Cir. 1995) ............................................................ 1, 2

*New York Central R.R. Co. v. Johnson*,
   279 U.S. 310 (1929) ............................................................................. 3

*SkinMedica, Inc. v. Histogen Inc.*,
   2013 WL 4487603, *13 (Fed. Cir. Aug. 23, 2013) ............................. 4

*Smith v. Trans World Drilling Co.*,
   773 F.2d 610 (5th Cir. 1985) ............................................................ 6, 7

*Union Pac. R. Co. v. Field*,
   137 F. 14 (8th Cir. 1905) ............................................................. 3, 4, 6

## Rules

Fed. R. Civ. P. 59(d) ................................................................................ 5

At trial, Defendants distorted the claims, the Court's claim constructions, and the fundamentals of patent law. *See* Dkt. 481 ("Motion" or "Mot."). Defendants improperly obtained an erroneous verdict through the resulting jury confusion, and a new trial is the proper remedy.

I. **DEFENDANTS DISTORTED THE COURT'S CLAIM CONSTRUCTIONS**

A. **The Overlay Code Need Not Be Separate From The Orthogonal Code**

Defendants' Response (Dkt. 492) attempts to frame the issue as whether "a single OVSF code [could] meet both required claim elements." *See* Dkt.  492 ("Resp." or "Response") at 3. But the *actual* issue is whether the claims require the "overlay code" to be "separate" from the "orthogonal code." This issue is purely one of claim construction. Indeed, Defendants unsuccessfully argued for this construction during the *Markman* hearing. *See* Dkt. 201, *Markman* Tr. at 61:5-6 ("MR. BADER: … the fact that these are two separate codes is important."); *see id.* at 64:11-12 ("MR. BADER: I think it does need to be a separate code.").

Defendants failed to cite to anything in the intrinsic record that requires the "overlay code" to be "separate" from an "orthogonal code." And Defendants' reliance on Mr. Lysejko's testimony is futile. *See* Resp. at 4. Even a cursory review of the trial record shows that Mr. Lysejko's testimony regarding "independent" codes, as with most of his testimony, was made in response to a question about the Airspan *commercial embodiment*—not about the claim scope. *See* Ex. E to Resp. at 11:5. In any case, the Federal Circuit has repeatedly held inventor testimony irrelevant as to the issue of claim construction. *See Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1346–47 (Fed. Cir. 2008) (holding inventor testimony "irrelevant to the issue of claim construction"); *see also Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 985 (Fed. Cir. 1995) ("[I]t is not unusual for there to be a significant difference between what an inventor thinks his patented invention is and what the ultimate scope of the claim is after allowance by the PTO.").  Defendants' attempt to bolster their distortion of the

1

Court's construction with Mr. Lysejko's testimony is improper for this reason as well.

Defendants' response finds no support in the Court's *Markman* Order. Nothing in that Order required the "overlay code" to be "separate" from the "orthogonal code." Defendants muster only a carefully cropped quote from the *Markman* hearing where the Court inquired whether "additional code" implied that "it was separate." *See* Dkt. 201, *Markman* Tr. at 59:24-25. Defendants ignore the rest of the discussion where Wi-LAN explained why an "overlay code" need not be "separate," and Defendants repeatedly argued for the "separate" limitation. *Id.* at 60:1-61:1. But those arguments were ultimately *rejected* by the Court. *See* Dkt. 200 at 13-14.

Moreover, Dr. Wells explained in detail how Defendants' accused products infringe under the doctrine of equivalents *even if* the claims somehow required "overlay code" to be "separate" from the "orthogonal code." *See* 7/8/13 PM Tr. 119:18-123:5, 126:25-127:16 (attached as Exhibit A); *see also* 7/9/13 AM Tr. 22:17-23:10 (explaining that a single OVSF code satisfied limitations under doctrine of equivalents) (attached as Exhibit B). Defendants' experts *admitted* that the same hardware or software could be used to generate the two codes (i.e., that the "overlay code generator" and "orthogonal code generator" need not be two things). *See* 7/11/13 AM Tr. 163:12-21 (attached as Exhibit C); 7/11/13 PM Tr. 31:16-20 (attached as Exhibit D).  Defendants' experts likewise admitted that the "orthogonal code" and "overlay code" could be generated and applied *at the same time*. *See* Ex. C, Tr.  98:22-24, 166:5-9; Ex. D, Tr. 32:17-19.   Given that Defendants' experts admitted that the generation hardware and software can be the same, and that the "orthogonal code" and "overlay code" can be generated and applied *at the same time*, the complete absence in the record of any explanation from Defendants' experts rebutting Dr. Wells' testimony that the single OVSF code met these elements under the doctrine of equivalents is notable.  In light of this hopelessly confusing

record, the jury's verdict on non-infringement is against the great weight of evidence, and a new trial on infringement is warranted. *See Union Pac. R. Co. v. Field*, 137 F. 14, 15-16 (8th Cir. 1905) (cited with approval in *New York Central R.R. Co. v. Johnson*, 279 U.S. 310, 318 (1929)).

### B.  Defendants Improperly Imported Negative Claim Limitations

Defendants' statement that "Dr. Wicker never asserted the claims exclude on-the-fly code generation" is misleading. Indeed, the question posed by Defendants' counsel *directly distinguished* between "on-the-fly" code generation with "storing" the orthogonal codes:

> Q.     *So it's one or the other*. You *either* generate the codes on-the-fly, *or* you can store the entire set of orthogonal codes?
> A.     *Yes...*

*See* Ex. C, Tr. 43:5-8 (emphases added). Clearly, Dr. Wicker's testimony excluded "on-the-fly" code generation from the scope of claims that required storage. Dr. Wicker and Defendants, however, failed to provide any evidence from the intrinsic record to support this improper theory, and in doing so invited error.

### C.  Defendants Improperly Excluded Preferred Embodiments From The Claims

Defendants argue that claim 5 of the '326 Patent excludes the embodiment shown in Figure 15A. *See* Resp. at 8-9. But this is plainly wrong.  If Defendants were correct, *none* of the claims of the '326 Patent—not just claim 5—would encompass the preferred embodiment described in Figure 15A. Hence, Defendants' argument violates a fundamental cannon of patent law: "a claim interpretation that excludes the preferred embodiment is rarely, if ever, correct." *Int'l Rectifier Corp. v. IXYS Corp.*, 361 F.3d 1363, 1371 (Fed. Cir. 2004); *see also SkinMedica, Inc. v. Histogen Inc.*, 2013 WL 4487603, *13 (Fed. Cir. Aug. 23, 2013). Defendants provide no basis for such a disfavored (and incorrect) claim construction.

Contrary to Defendants' argument, nothing in claim 11 of the '819 Patent suggests that the "data items" to which overlay codes are applied must be different from the "data items" to

which the TDM techniques are applied. Defendants' arguments find no support in the intrinsic record and should not have been made to the jury. The appropriate remedy is for the Court to order a new trial on infringement. *See Union Pac.*, 137 F. at 15-16.

## II.    DEFENDANTS IMPORTED EXTRANEOUS LIMITATIONS INTO '327 PATENT CLAIM 11

Defendants incorrectly argue that Dr. Wicker did not distort claim 11 of the '327 Patent to require a parameter that measured *only* intercell interference, as opposed to one that merely "indicated" intercell interference. *See* Resp. at 10. Defendants ignore Dr. Wicker's admission that he interpreted the word "indicative of" to mean "***only measuring the interference from other cells.***" *See* Ex. C, Tr. 84:22-25. By importing this extraneous limitation, Dr. Wicker's testimony could only have caused jury confusion. Similarly, with respect to the "channel pool" claim element, Dr. Wicker imported elements from unrelated and non-asserted claims that required channels to be "locked out." *See* Ex. C, Tr. 70:14.[1]

Nothing in claim 11 requires the "parameter" to "only measure the interference from other cells" or requires channels to be "locked out." Defendants' experts, nonetheless, advanced such positions and thoroughly confused the jury as to what the claims required. Given the extensive jury confusion, this Court should order a new trial.

## III.    THE COURT HAS AUTHORITY TO GRANT A NEW TRIAL IN THIS CASE

Defendants' Response attempts to shift the focus from jury confusion caused by Defendants' improper argument to the timeliness of Wi-LAN's objections. In doing so, Defendants completely ignore Wi-LAN's objections to Defendants' distortion of the patent claims and Court's claim constructions. *See* Ex. B, Tr. 100:24-101:17, 115:24-116:18. Nonetheless, this Court retains the power to grant a new trial regardless of whether Wi-LAN

---

[1] Moreover, Defendants' suggestion that Wi-LAN did not challenge Dr. Olivier's testimony on this issue is incorrect. To the extent Dr. Olivier adopted Dr. Wicker's testimony (*see* Ex. C, Tr. 138:24-139:7), Wi-LAN's objections at trial had already been made and were sufficient.

objected to every instance of improper argument. *See Edwards v. Sears, Roebuck and Co.*, 512 F.2d 276, 286 (5th Cir. 1975) ("[C]ounsel . . . maintain that since much of the argument was not objected to, this court cannot consider the error on appeal. This misconstrues the court's prerogatives on review—we always possess the power to consider errors to which no objection was made.").[2] Defendants cannot expect to infect the trial with numerous instances of improper testimony and arguments, then somehow benefit if every instance of improper conduct was not met with an objection.

The Court retains authority under the Federal Rules of Civil Procedure to grant a new trial and can do so *sua sponte*.  *See* Fed. R. Civ. P. 59(d) ("[T]he court, on its own, may order a new trial for any reason that would justify granting one on a party's motion"). Indeed, "[i]t is the duty of the court and of its officers, the counsel of the parties, to prevent the jury from the consideration of extraneous issues, of irrelevant evidence, and of erroneous views of the law … and to assure to the litigants a fair and impartial trial." *See Union Pac.*, 137 F. at 15-16.  In this case, Defendants' trial presentation distorted the claims, the Court's constructions, and the law. The remedy is a new trial.  *Smith v. Trans World Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).

## IV.    CONCLUSION

Defendants' Response mischaracterizes their distortions of the Court's claim constructions and claims' scope as a "factual dispute." *See* Resp. at 3. But neither the meaning of claims nor claim scope is a factual issue for a jury to decide. Here, the jury was not able to fairly choose between the parties' disputed facts without confusion; rather, the jury had to choose between the Court's construction, on one hand, and Defendants' distortion of the Court's construction and claim terms, on the other. Wi-LAN requests that the Court order a new trial to permit the jury to decide the issues with regard to the actual claims and Court's constructions.

---

[2] *See also Koufakis v. Carvel*, 425 F.2d 892, 901 (2d Cir. 1970).

Dated:  September 12, 2013

Respectfully submitted,

By: _/s/David B. Weaver_____
    David B. Weaver (TX Bar 00798576)
    Lead Attorney
    Avelyn M. Ross (TX Bar 24027817)
    Ajeet P. Pai (TX Bar 24060376)
    Syed K. Fareed (TX Bar 24065216)
    Jeffrey T. Han (TX Bar 24069870)
    Seth A. Lindner (TX Bar 24078862)
    VINSON & ELKINS LLP
    2801 Via Fortuna, Suite 100
    Austin, TX 78746
    Tel:  (512) 542-8400
    Fax: (512) 236-3476
    dweaver@velaw.com
    aross@velaw.com
    apai@velaw.com
    sfareed@velaw.com
    jhan@velaw.com
    slindner@velaw.com

**Local Counsel**
Johnny Ward (TX Bar No. 00794818)
Wesley Hill (TX Bar No. 24032294)
Claire Abernathy Henry
(TX Bar No. 24053063)
Ward & Smith Law Firm
P.O. Box 1231
1127 Judson Rd., Ste. 220
Longview, TX 75606-1231
Tel:  (903) 757-6400
Fax: (903) 757-2323
jw@jwfirm.com
wh@jwfirm.com
claire@wsfirmcom

    Steve R. Borgman (TX Bar 02670300)
    Gwendolyn Johnson Samora
    (TX Bar 00784899)
    VINSON & ELKINS LLP
    1001 Fannin Street, Suite 2500
    Houston, TX 77002-6760
    Tel: (713) 758-2222
    Fax: (713) 758-2346
    sborgman@velaw.com
    gsamora@velaw.com

    ***Attorneys for Plaintiff Wi-LAN Inc.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service on this the 12th day of September, 2013.

*/s/David B. Weaver*
David B. Weaver
