**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| WI-LAN INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 6:10-cv-521-LED |
| | § | Civil Action No. 6:13-cv-252-LED |
| v. | § | CASES CONSOLIDATED FOR TRIAL |
| | § | |
| ALCATEL-LUCENT USA INC.; *et al.*, | § | |
| | § | JURY TRIAL DEMANDED |
| Defendants. | § | |
| | § | |

# PLAINTIFF WI-LAN INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OF NO INVALIDITY OR, ALTERNATIVELY, MOTION FOR NEW TRIAL ON INVALIDITY

Defendants' evidence of invalidity—essentially the trial testimony of Defendants' invalidity expert, Mr. Mark Lanning—fails as a matter of law, and no reasonable jury could have found the asserted claims of the '326, '819, and '211 patents invalid. Defendants' Response fails to show otherwise. First, the Response avoids the key issue of whether Tiedemann actually discloses how its time slots are assigned. Second, the Response resorts to broad oversimplifications in an attempt to salvage an obviousness verdict unsupported by any evidence as to *how* or *why* Tiedemann and Gitlin could have been combined to achieve the claimed inventions.

A. **Tiedemann fails to disclose how its "assigned slots" are allocated, so it cannot disclose allocating time slots "based on one or more characteristics associated with the data item."**

Defendants recognize that their invalidity case based on the Tiedemann reference rests on whether Tiedemann discloses "TDM techniques." Resp. (Dkt. 491) at 2. In particular, the issue is whether Tiedemann discloses allocating time slots to data items "based on one or more characteristics associated with the data item," as required by the Court's claim construction of "TDM techniques." *See* Dkt. 200 at 11. But Defendants incorrectly state that "[t]he ultimate question . . . is whether [Wi-LAN's expert] Dr. Wells's completely unsupported assertion that user identity is not a characteristic of the data item somehow rendered Mr. Lanning's testimony insufficient to support the verdict." Resp. at 5.

In fact, the "ultimate question" regarding Tiedemann comes one step earlier. While Defendants devote four-and-a-half pages of the Response to whether user identity is a "characteristic[] associated with the data item" (*see* Resp. at 4–8), and assuming, *arguendo*, that this is the case—which it is not (*see* Mot. (Dkt. 482) at Part III.C)—*Defendants still point to nothing but one unsupported statement in Mr. Lanning's testimony for their assertion that Tiedemann allocates based on user identity. See* Resp. at 4. Tiedemann itself contains no such

1

disclosure, however, and therefore as a matter of law cannot anticipate the asserted claims or render obvious the asserted claims as a single reference.

"An expert's conclusory testimony, unsupported by the documentary evidence, cannot supplant the requirement of anticipatory disclosure *in the prior art reference itself*." *Motorola v. Interdigital Tech. Corp.*, 121 F.3d 1461, 1473 (Fed. Cir. 1997) (emphasis added); *see Iovate Health Sciences, Inc. v. Bio-Eng'red Supplements & Nutrition, Inc.*, No. 9:07–CV–46, 2008 WL 7842052, at *2 (E.D. Tex. Aug. 27, 2008) ("Experts offering opinions about anticipation must do more than give conclusory statements—there must be 'anticipatory disclosure *in the prior art reference*.'" (quoting *Motorola*, 121 F.3d at 1473) (emphasis added)); *see also ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1327 (Fed. Cir. 2012) (affirming grant of JMOL, stating: "We agree . . . that the . . . testimony by Verizon's expert was conclusory and factually unsupported. . . . [H]e never provided any factual basis for his assertions.").

Both Wi-LAN's Motion and Defendants' Response lay out the relevant text from Tiedemann describing a paging channel with "assigned slots." *See* Mot. at 12; Resp. at 3. The inescapable fact is that Tiedemann *does not explain at all how those slots are assigned*. Tiedemann fails to disclose what the allocation of those slots is "based on." Hence, it is simply impossible from the four corners of Tiedemann to tell whether those slots are assigned randomly, based on user identity, or based on something else entirely. Defendants point to nothing *in Tiedemann* that explains how it allocates time slots to data items. Instead, Defendants resort to relying on Mr. Lanning's unsupported testimony that Tiedemann "has one or more characteristics associated with the data item, which would be the actual identification of the cell phone." *See* Resp. at 3–4. Lacking any "documentary evidence," Mr. Lanning's statement "cannot supplant the requirement of anticipatory disclosure in the prior art reference itself."

2

*Motorola*, 121 F.3d at 1473.

Defendants also argue that Wi-LAN's expert, Dr. Jonathan Wells, "did not offer any evidence or testimony to counter Mr. Lanning's assertion that the Tiedemann system used the mobile device's identity to allocate time intervals to data items." Resp. at 4, 7. However, it was Defendants' burden to present sufficient evidence to show *by clear and convincing evidence* that Tiedemann invalidates the asserted claims. *Norgren v. Int'l Trade Comm'n*, 699 F.3d 1317, 1322 (Fed. Cir. 2012). Defendants failed to satisfy that burden because there is no evidence in Tiedemann to support Mr. Lanning's unfounded testimony regarding how Tiedemann allocates time slots to data items. Thus, no reasonable jury could have found that Tiedemann invalidates the asserted claims or that Tiedemann supports even a prima facie case of anticipation or obviousness.

**B.  Defendants oversimplify the claimed inventions of the '326, '819, and '211 patents, as well as the prior art, in order to explain away the lack of proper testimony regarding the combination of Tiedemann and Gitlin.**

The Response argues that the jury reasonably found the asserted claims obvious based only on the combination of Tiedemann and Gitlin. In doing so, Defendants ignore the actual elements of the claimed inventions and the prior art references themselves, and instead try to oversimplify the analysis by focusing on combinations of broad concepts such as "CDMA" and "TDM." But when the *actual language of the asserted claims* is analyzed with a view to the prior art (as it must be), Defendants' purported evidence as to why a person of ordinary skill would have combined the elements from Tiedemann and Gitlin to achieve the claimed inventions is insufficient as a matter of law. *See KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007) ("[I]t can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does . . . because inventions in most, if not all, instances rely upon building blocks long since uncovered . . . .").

3

Indeed, Defendants' application of *KSR* is completely divorced from both the asserted claims, and Tiedemann and Gitlin (*see* Resp. at 11–13). First, the Response quotes trial testimony allegedly addressing "a design need and market pressure to solve the 'limited bandwidth problem.'" Resp. at 11. However, "knowledge of a problem and motivation to solve it are entirely different from motivation to combine *particular references* to reach the *particular claimed [invention]*." *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1373 (Fed. Cir. 2008) (emphases added). Second, the Response asserts that there were a "finite number of identified, predictable solutions." Resp. at 12. But Defendants' analysis again concerns sweeping oversimplifications using terms such as "CDMA," "TDM," and "Overlay Code," not the *specific elements of the asserted claims or the prior art*. *See id.* at 12–13. Defendants' arguments must fail because *KSR*'s obvious-to-try analysis still requires a focus on the "combination of elements." *See KSR*, 550 U.S. at 421.

The decision in *Sundance, Inc. v. DeMonte Fabricating, Ltd.*, 550 F.3d 1356 (Fed. Cir. 2008), discussed in the Response, demonstrates just how far afield the cases cited by Defendants are. In *Sundance*, "the technology [was] simple and neither party claim[ed] that expert testimony [was] required to support [a holding of obviousness]." *Id.* at 1365. The present case, on the other hand, involves wireless cellular telecommunication technology, which could hardly be called "simple." In addition, Defendants state that there was no dispute regarding the content of the prior art in *Sundance* and that there is no such dispute here (Resp. at 14), but here the parties clearly dispute the content of the prior art. Wi-LAN has contended throughout this case that the prior art presented by Defendants, including both Tiedemann and Gitlin, fails to disclose elements of the asserted claims, including "TDM techniques." *See* Mot. at 10, 14–15.

Furthermore, *Sundance* held claims obvious because they "simply arrange[d] old

elements with each performing the same function it had been known to perform and yield[ed] no more than one would expect from such an arrangement." *Sundance*, 550 F.3d at 1367 (quotation marks omitted). No such simple combination is possible in this case. By ignoring the actual elements of the asserted claims and the actual content of the prior art, Defendants gloss over the differences from the prior art and the clear difficulties that would have been encountered in combining elements of Tiedemann and Gitlin. Indeed, Dr. Wells testified—with reference to specific claim elements—to a variety of reasons why skilled artisans would not have combined these references or had a reasonable expectation of success. *See* July 12 PM Tr. 34:6–36:7 (attached as Ex. A). For example, as discussed in Wi-LAN's Motion, Tiedemann and Gitlin use *different techniques* for transmitting their respective traffic channels, and it is exactly those two techniques that Defendants want to combine. *See* Mot. at 7–8. Combining two different types of traffic channels from two different wireless cellular systems into one system is nothing like the simple truck covers of *Sundance*. *See* Ex. A at 35:24–36:7. Defendants thus failed to provide evidence from Mr. Lanning or otherwise as to how the elements from the prior art could be combined "in the way the claimed invention does," or what would have motivated a person of ordinary skill to make such a combination. *ActiveVideo Networks*, 694 F.3d at 1328. Instead, Defendants only have Mr. Lanning's admission that he improperly used hindsight to combine these references because "Gitlin doesn't describe overlay codes. But . . . Tiedemann does." *See* Mot. at 5–6. Because Mr. Lanning's testimony showed an improper approach and was insufficient as a matter of law, no reasonable jury could have found the asserted claims obvious.

For the reasons set forth above and in Wi-LAN's Motion, Wi-LAN respectfully requests that this Court enter judgment as a matter of law that the asserted claims are not invalid, or alternatively, grant Wi-LAN's motion for a new trial on invalidity.

Dated: September 12, 2013            Respectfully submitted,

By:  /s/ David B. Weaver
     David B. Weaver (TX Bar 00798576)
     Lead Attorney

**Local Counsel**                                    Avelyn M. Ross (TX Bar 24027817)
Johnny Ward (TX Bar No. 00794818)          Ajeet P. Pai (TX Bar 24060376)
Wesley Hill (TX Bar No. 24032294)           Syed K. Fareed (TX Bar 24065216)
Claire Abernathy Henry                       Jeffrey T. Han (TX Bar 24069870)
(TX Bar No. 24053063)                         Seth A. Lindner (TX Bar 24078862)
Ward & Smith Law Firm                       VINSON & ELKINS LLP
P.O. Box 1231                                        2801 Via Fortuna, Suite 100
1127 Judson Rd., Ste. 220                     Austin, TX 78746
Longview, TX 75606-1231                  Tel: (512) 542-8400
Tel: (903) 757-6400                            Fax: (512) 236-3476
Fax: (903) 757-2323                          dweaver@velaw.com
jw@jwfirm.com                                 aross@velaw.com
wh@jwfirm.com                               apai@velaw.com
claire@wsfirmcom                           sfareed@velaw.com
                                                 jhan@velaw.com
                                                 slindner@velaw.com

                                                 Steve R. Borgman (TX Bar 02670300)
                                                 Gwendolyn Johnson Samora
                                                 (TX Bar 00784899)
                                                 VINSON & ELKINS LLP
                                                 1001 Fannin Street, Suite 2500
                                                 Houston, TX 77002-6760
                                                 Tel: (713) 758-2222
                                                 Fax: (713) 758-2346
                                                 sborgman@velaw.com
                                                 gsamora@velaw.com

                                                 *Attorneys for Plaintiff Wi-LAN Inc.*

**CERTIFICATE OF SERVICE**

       The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service on this the 12th day of September, 2013.

                                                 */s/ David B. Weaver*
                                                 David B. Weaver